Chittenden, J.
This action was brought to recover a sum claimed to be due as benefits by virtue of membership in the relief department of the. defendant company. A demurrer was sustained to the petition, and thereafter an amended petition was filed, to which a demurrer was also sustained, and plaintiff was given leave to file a' second amended petition on or before the 16th day of January, 1915. On April 5, 1915, no further leave of court having been asked or obtained, a second amended petition was filed. The defendant moved to strike the second amended petition from the files for the reason that it was filed without leave, and because it reiterates, as a first cause of action, the same averments, without addition thereto, which had theretofore been adjudged by the court as failing to state a cause of action; also on the ground that the second cause of action attempted to be set up was not a proper or legitimate pleading* in the alternative. The motion to strike the second amended petition from the files was sustained and the court proceeded to enter final judgment in the action, dismissing the petition of the plaintiff at his costs.
It is claimed here that the court erred in granting this motion to strike from the files. We find no abuse of discretion on the part of the trial court in granting this motion.
The case therefore presents itself in this court upon the question as to whether the court erred in sustaining the demurrer to the amended petition. This pleading,' in substance, sets forth that on the 10th day of July, 1911, the plaintiff was ■employed as a yardmaster of the defendant com *324 pany at‘or near Parkersburg, West Virginia. That at that time the defendant maintained and operated a relief department and that the plaintiff was a member thereof. That he remained in the employ of the company from the 10th day of July, 1911, until the 6th day of November, 1911, at which time 'he was injured through the alleged negligence of the defendant, which injuries resulted in the amputation of his right leg below the knee. That during the time of his employment the defendant had deducted from his wages, in accordance with the terms of the contract of employment and pursuant to the agreement of the membership in the relief department, $5 per month as a premium. He alleges that at the time of the injury both the plaintiff and the defendant were engaged in interstate commerce. By reason of the contract between the plaintiff and the relief department the defendant was to pay benefits to the plaintiff for accidental injury in the sum of $2.50 per day, not including Sundays and legal holidays, for the first 52 weeks, and after that time at the rate of $1.25 per day. It is further provided that the company shall furnish an artificial limb, the reasonable value of which the plaintiff alleges to be $100. Plaintiff says that the defendant has refused to pay him any benefits or to furnish him' with an artificial leg as agreed.
The petition further sets forth that he has performed all of the conditions of the contract upon his part to be performed, except that he did not strictly comply with the notice of injury to the defendant company, but he alleges that the defendant waived the condition of the rules and regulations *325 of the relief department requiring formal proof of loss and injury, by tendering him one year’s benefit for his injury. He says, however, that the tender of benefits was conditioned upon his releasing thé company from any liability under the contract that said company might be subjected to for the wrongful and negligent acts of the company in causing said injury, and also required the plaintiff to agree not to sue the company for the toft committed by the company, and to dismiss his cause of action then pending in the courts of West Virginia against the defendant company, for the reason that rule number 53 of the regulations of the relief department precluded' the plaintiff from recovering any benefits under his certificate of membership while suit was pending.
The amended petition contains the further allegation, not contained in the original petition, that the suit brought by the plaintiff against the defendant in the courts of West Virginia, to recover damages because of his injury, is now terminated against the plaintiff. He quotes from the regulations of the relief department provisions of Sections 52 and 53 as follows:
“In the event of disability or death from accidental injuries, the benefits herein promised shall not be payable or paid until there be first filed with the superintendent of the relief department releases satisfactory to him, releasing The Baltimore & Ohio Railroad Company, and all other companies owning or operating its branches or divisions, or company over whose railroad, right of way or property the said The Baltimore & Ohio Railroad Company, or any company owning or *326 operating its branches or divisions, shall have the right to run, operate its engines or cars, or to send its employes in the performance of their duty, or any company whose employes are admitted to the privileges of this Department, from all claims for damages by reason of such injury or death, signed by all persons who might bring suit for such damages, or those legally competent to release for them, and by the beneficiaries named in the respective applications.” (Sec. 52.)
“Should suit be brought by a member, his beneficiary .or legal representative, or for the use of his beneficiary alone or with -others, against The Baltimore & Ohio Railroad Company, or any company owning or operating its branches or divisions, or any company over whose railroad, right of way or property The Baltimore & Ohio Railroad Company or any company owning or operating its branches or .divisions, shall have the right to run or operate its engines or cars or to send its employes in the performance of their duty, or any company whose employes are admitted to the privileges of this Department, for damages on account of injury or death of such member, no benefits on account of such injury or death shall be paid, but all claims to such benefits under these Regulations shall be forfeited, unless such suit be .discontinued and all costs .incurred by the defendant therein paid by the plaintiff before any hearing or trial on demurrer or otherwise. Should such a suit for damages on account of the death of a member be brought by any person claiming an interest other than those named above, the existence of such a suit shall prevent -the payment of benefits on account of such *327 death, and any payment by any of the companies above named of damages recovered in such suit, or determined by compromise, or of any costs incurred therein, shall operate as a release in full of all claims against this Department.” (Sec. 53.)
The plaintiff claims that the provisions of the above quoted rules are wholly void and against public policy, so far as they purport to bar the plaintiff from, his rights to the benefits claimed by him and as set forth in his' amended petition.
A similar contract was construed by the supreme court of this state in The P., C., C. & St. L. Ry. Co. v. Cox, 55 Ohio St., 497. It was. there held that such a contract was not prohibited by a statute of the state of Ohio enacted for the protection and relief of railroad employes. This act prohibited any railroad company from demanding, accepting or requiring any employe to enter into a contract with the company whereby such person stipulated or agreed to surrender or waive any right to dam-' ages against the railroad company arising from personal injuries, or whereby he agreed to surrender or waive, in case he asserted the same, any other right whatsoever. It was also held that the contract was not contrary to public policy. The view the court took of the contract was that it provided for optional remedies to the injured employe. That the effect of the contract was not to surrender or waive any right to damages against the railroad company, but only an agreement that he might either pursue his remedy against the company for damages or accept his stipulated benefits from the. relief fund. The court expressed the opinion that such contracts were not only not against public, *328 policy, but were in fact in accord with the wholesome public policy that favors the settlement of controversies and discourages litigation.
The supreme court again had the subject before it in the case of The State, ex rel., v. The P., C., C. & St. L. Ry. Co., 68 Ohio St., 9. After a“ review of the authorities and a careful examination of the questions presented, the court cited the case of Railway Co. v. Cox, supra, and said at page 42: “We are still satisfied with that decision, and believe it to be entirely sound.” Thus it will be seen that the supreme court of the state, after a careful review of the subject in two cases, definitely decided that relief department contracts of the character of the one under consideration are not opposed to the public policy of this state.
Therefore, it remains to determine whether the public policy thus announced has been changed by legislative enactment, and if so, to what extent. The case at bar being one that arises out of interstate commerce, our attention is called, to the federal enactments upon the subject.
The plaintiff relies largely upon the provisions of Section 10 of the act of June 1, 1898, 4 Fed. Stats., 787. This section makes it a misdemeanor to require any employe to enter into a, contract whereby such employe shall agree to contribute to a fund for beneficial purposes, and to release such employer from leeal liability for any personal injury, by reason of any benefit received from such fund, beyond the proportion of the benefit arising from the employer’s contribution to such fund. This section of the United States statutes makes unlawful a contract undertaking to exempt the em *329 ployer from legal liability for any personal injury, by reason of any benefits received under the terms of such contract.
Is the contract complained of in this case within the inhibition of the statute above cited? Section 52 does indeed provide that the benefits provided for shall not be paid until there is first filed with the superintendent of the relief department a release of The Baltimore & Ohio Railroad Company from all claims for damages by reason of such injury or death. But Section 53, which constitutes a part of the contract between the relief department and the member, contemplates that suit may be brought notwithstanding the provisions of Section 52, and it is provided that if suit be brought by a member no benefits on account of such injury shall be paid, but all claims to such benefits shall be forfeited unless the suit be discontinued and all costs incurred by the defendant therein be paid by the plaintiff before any hearing or trial on demurrer or otherwise. It will be seen that this contract does not by its terms undertake to release the employer from legal liability for personal injuries received by the employe. We are not confronted in this case by a release signed 'by the plaintiff upon his receiving benefits from the fund, for no such relief has been paid and no such release has been executed. It is entirely clear from the decided cases that if such benefits had been received and a release executed it would not bar an action against the defendant to recover damages.
Another act of congress bears directly upon the construction to be given to this relief department contract. It is Section 5 of the act of April 22, *330 1908, Fed. Stats. Supp. 1909, page 585, and known as the second employers’ liability act. It reads as follows:
“That any contract, rule, regulation, or device whatsoever, the purpose or intent of which shall be to enable any common carrier to exempt itself from any liability created by this act, shall to that extent be void: Provided, That in any action brought against any such common’ carrier under or by virtue of any of the provisions of this act, such common carrier may set off therein any sum it has contributed or paid to any insurance, relief benefit, or indemnity that may have been paid to the injured employee or to the' person entitled thereto on account of the injury or death for which said action was brought.”
It will be observed that the section just quoted does not undertake to invalidate all contracts providing for the payment of benefits from a relief fund, but only enacts that they shall be void to the extent that the common carrier . undertakes to exempt itself from any liability created by that act, and then makes provision that when suit is brought against such common carrier under any of the provisions of the act, the common carrier may set off any sum that it may have contributed to the relief benefit fund and that may have been paid to the injured employe or to any person entitled thereto on account of such injury.
The effect of accepting benefits from the relief department of a common carrier, and of a release executed in pursuance thereof, was considered by the supreme court of the United States in the case of C., B. & Q. Rd. Co. v. McGuire, 219 U. S., 549. *331 The case arose in the state of Iowa where the supreme court of Iowa previously had held in accordance with the decision of the supreme court of the state of Ohio in Railway Co. v. Cox, supra, that a relief department contract was not invalid because payment ,,of benefits was conditioned on a release of-, the company from liability, and that the effect of the contfact was only to give the injured person an election of remedies; that he might either bring suit for damages, or accept benefits under the contract, and that the election to pursue one remedy operated as a waiver of the other. Thereafter the legislature of the state of Iowa passed an act to the same effect as Section 5 of the federal statute above quoted. The supreme court of the state of Iowa held that this was a legislative announcement of a public policy different from that which had been previously announced by the supreme court, hnd that it was within the power of the legislature to enact such a statute. The supreme court of the United States, at page 566, in reviewing the judgment of the supreme ■court of Iowa, approvingly quoted from the opinion of that court as follows:
“The legislature does not in this act forbid or place any obstacle in the way of - such insurance, nor does it forbid or prevent any settlement of the matter of damages with an injured employe fairly made after the injury is received. On the contrary, the right to make such settlement is’ expressly provided for in the amendment to Code § 2071. The one thing which that amendment was intended to prevent was the use of this insurance or relief for which the efnploye has him *332 self paid in whole or in part, as a bar to the right which the statute has given him to recover damages from the corporation.”
The supreme court of the United States affirmed the judgment of the supreme court of Iowa, holding that a release from liability signed by the injured party upon receipt of benefits did not operate as a bar to an action brought to recover damages because of such injuries.
To the same effect was the decision of the circuit court of Greene county in this state in the case of The P., C., C. & St. L. Ry. Co. v. Sheets, 15 C. C., N. S., 305, affirmed 87 Ohio St., 476, without opinion. In the latter case Judge Allread carefully reviewed the authorities, including the case of Railway Co. v. Cox, supra, and held that the latter case was not, in view of Section 5 of the federal act above quoted, decisive of the construction of the contract then before the court.
It must be said that the decision of the supreme court in Railway Co. v. Cox, upholding relief benefit contracts as not against public policy because such contracts only provide for an election of remedies, is no longer an authority in so far as that public policy has been affected by the federal enactments above cited. The effect of those statutes is to render void any release of a common carrier from liability for damages, upon receipt of benefits from a relief fund. It is not apparent that the federal statutes have gone farther. No statute provides that the bringing of a suit to recpver damages resulting from injuries sustained because of the negligence of the common carrier shall *333 not act as a bar to the recovery of benefits from the relief fund, and it would seem that the courts would not be justified in announcing any new or - different public policy in that respect. The decisions of the supreme court in Railway Co. v. Cox and State, ex rel., v. Railway Co., supra, have only been’ modified to the extent indicated, and we therefore find no reason for holding invalid that portion of the contract Under consideration which provides that if suit is brought no benefits shall be paid, unless such suit be discontinued and all costs incurred by the defendant therein be paid by the plaintiff, before any hearing or trial on demurrer or otherwise. This portion of the contract in no way attempts to abridge the right of the plaintiff to secure redress in the courts of the state. If he had recovered a judgment against the defendant in his action in the courts of West Virginia it would hardly be claimed that he would be entitled also to recover in this action. In Railway Co. v. Cox, at page 511, Judge Spear mentions this phase of the case in the following language:
“Perhaps the point would be clearer if the party had, without accepting benefits, recovered against the company and then sought to recover also the benefits against the fund. No one could possibly suppose, in such case, that’ his right to recover was absolute, or could in any aspect have a legal existence, or become the subject of a waiver, if the party’s own contract is. to be observed.”
The fact that the pleading states that the suit was terminated against him in no sense affects the *334 legal aspect of the case. He was permitted to and did endeavor to maintain his legal rights in court.
There is much force in what was said by Judge Rogers of the common pleas court in passing upon this demurrer. He said:
“Although the contract is void and unenforcible by the defendant, the plaintiff having the option to treat the contract as valid, because it is not void as to him, must, in order to entitle him to a recovery, perform those terms which are imposed .upon him by the contract. Plaintiff can not repudiate the contract in part and stand upon the contract at the same time. If it was against public policy for the defendant to require the plaintiff to enter into a contract for beneficial insurance and to make a condition of the contract that in case suit was brought for an injury the benefits for such injury were to be forfeited, plaintiff must treat both the contract for benefits and the condition of its payment as valid, or repudiate the whole contract, and will not be permitted to repudiate a part and rely upon another part.”
The contract provides that in order to secure benefits after a suit is brought, the suit must be discontinued, and all costs incurred by the defendant therein paid by the plaintiff, before any hearing or trial on demurrer or otherwise. The allegations of the amended petition do not show that the plaintiff has complied with this condition of the contract.
We find that the amended petition does not state facts , sufficient • to constitute a cause of action against the defendant, and that the judgment of *335 the common pleas court was correct, and its judgment will be affirmed. _ , ~ ,
_ , Judgment affirmed.
Kinkade and Richards, JJ., concur,
Judges of the Sixth Appellate District, sitting in place of Judges Kunkle, Allread and Ferneding of the Second Appellate District.