ROGERS v. THE METROPOLITAN LIFE INSURANCE CO.

*Pleading—Motion to strike from files—Petition frivolous and a sham.*

It is error for the trial court to grant a motion to strike a petition from the files where the motion is made on the ground that the petition is "frivolous and a sham, and on its face shows that it is insufficient, and that plaintiff has no cause of action." Such motion will not take the place of a demurrer.

(Decided October 17, 1921.)

ERROR: Court of Appeals for Hamilton county.

*Mr. A. Lee Beatty* and *Mr. J. M. Smedes,* for plaintiff in error.

*Messrs. Mallon & Vordenberg* and *Mr. Harry E. Marble,* for defendant in error.

BY THE COURT. The petition in the court below undertook to state a cause of action against the defendant on an insurance policy in the sum of $228, with interest from November 1, 1915.

The defendant moved in the alternative to strike the petition from the files, on the ground that it was "frivolous and a sham, and on its face shows that it is insufficient, and that plaintiff has no cause of action," or to strike out parts of the petition.

Defendant relied on the following cases, *White* v. *Calhoun,* 83 Ohio St., 401, and *Blaney* v. *B. & O. Rd. Co.,* 7 Ohio App., 322. These cases do not support his contention.

In *White* v. *Calhoun,* there was a hearing on the motion, and the evidence left no doubt that the pleading was a sham.

In *Blaney* v. *B. & O. Rd. Co.,* a demurrer was sustained to the petition, an amended petition filed, a demurrer sustained to it, and the plaintiff given leave to file a second amended petition on or before January 16, 1915. On April 5, 1915, without leave of court, a second amended petition was filed, and, on motion, the court struck this second amended petition from the files.

In *Robinson, Jr.,* v. *Fitch,* 26 Ohio St., 659, at page 662, the court says that the trial court treated the motion to strike as a demurrer; and the supreme court so considered it and on review stated:

"At the same time, we do not wish to be understood as approving the practice here resorted to, of making a motion to strike from the files subserve the purposes of a general demurrer."

In *Saxton* v. *Seiberling,* 48 Ohio St., 554, the court says at page 559:

"Want of capacity to sue is a special ground of demurrer, and to be raised in that way, should be specially assigned."

The better rule of practice is stated in *Black* v. *Goodman, Jr., Trustee,* 12 C. C., N. S., 287:

"The office of a motion to strike a pleading from the files is to test the regularity connected with the filing, as when filed after the time allowed by statute, or the form of such pleadings as when not verified, its office is not to inquire into the merits of the case either in law or in fact. *Finch* v. *Finch,* 10 Ohio St., 501, 505."

The judgment of the court below will, therefore, be reversed, and the cause remanded with instruc-

tions to overrule that part of the motion striking the petition from the files.

*Judgment reversed, and cause remanded.*

HAMILTON, P. J., CUSHING and BUCHWALTER, JJ., concur.