THE OHIO, INDIANA & KENTUCKY HEATER CO. *v.*
SHAFER.

ENGLISH, D. B. A. THE OHIO, INDIANA & KENTUCKY
HEATER CO., *v.* SHAFER.

*Pleading—Corporate capacity of plaintiff a question of fact—*
*Error to strike from files because plaintiff not a corpora-*
*tion—Cause of action not changed by amendment cor-*
*recting plaintiff's name—Action not barred by statute of*
*limitations, when.*

1. Where a petition on its face shows a cause of action and
   contains the proper allegations as to plaintiff being a cor-
   poration duly organized under the laws of the state of
   Ohio, and it is so designated in the title, the question
   whether plaintiff is such a corporation is one of fact, and
   is a defense to the action, and it is error for the trial
   court to grant defendant's motion to strike the petition
   from the files for the reason that "the plaintiff is not
   and never has been a corporation organized and existing
   under the laws of the state of Ohio."
2. Where the plaintiff, after filing such petition and before an
   answer or other pleading to it has been filed by the de-
   fendant, files an amended petition changing the name of
   plaintiff to the real party in interest, such amended peti-
   tion does not change the cause of action, and a motion
   to strike the amended petition from the files on the ground
   that it was not filed within the statutory time will not
   lie where the original petition was filed before the stat-
   utory time for filing had elapsed.

(Decided April 23, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. T. V. Maxedon*, for plaintiff in error.

[1] Pleading, 31 Cyc. p. 628. [2] Limitation of Actions, 37
C. J. § 504; Pleading, 31 Cyc. p. 366 (Anno.).

*Messrs. Ratterman & Cowell,* for defendant in error.

HAMILTON, J. These actions were docketed as two separate cases, but are in fact one case, and grow out of a petition and an amendment thereto filed in the Court of Common Pleas.

It appears that on March 25, a petition was filed in the Court of Common Pleas of Hamilton county, Ohio, under the title *"The Ohio, Indiana and Kentucky Heater Company, a corporation organized and existing under the laws of Ohio, Plaintiff,* v. *Oscar J. Shafer, Defendant."* Summons was issued on the petition, and service made. The petition alleged the plaintiff to be a corporation, and plaintiff was so designated in the title.

On April 13, an amended petition was filed in the case, changing the name of the plaintiff to "Andrew J. English, doing business under the firm name and style of Ohio, Indiana and Kentucky Heater Company, Plaintiff," and containing the allegation that the statement in the original petition, alleging plaintiff to be a corporation, was a mistake, and that the title of the cause of action was changed to conform to the fact.

No answer or other pleading to the original petition had been filed at the time of the filing of the amended petition.

On April 14, the defendant filed a motion to strike the original petition from the files, on the ground that the petition was a sham, and that there was no such corporation. An affidavit in support of this motion was filed.

Summons was issued on the amended petition.

On April 24, the trial court granted the motion to strike the plaintiff's petition from the files, for the reason that "the plaintiff is not and never has been a corporation organized and existing under the laws of the state of Ohio," and it struck the petition from the files.

On May 2, a motion was made by the defendant to strike the amended petition from the files, which motion was sustained by the trial court, and the amended petition was stricken from the files.

Plaintiff in error prosecutes error from both judgments.

The original petition on its face shows a good cause of action. It contained the proper allegations of a corporation duly organized under the laws of the state of Ohio. Whether plaintiff was such was a question of fact, and a defense to the action, and should have been raised by answer. That an allegation of fact may be untrue does not stamp the pleading as a sham. Moreover, before the filing of the motion to strike the original petition from the files, the plaintiff had filed his amended petition, correcting the statement of corporate existence and changing the title to the name of the real party in interest. This in no wise changed the cause of action, and the plaintiff was within his rights in filing the amended petition before answer. Sections 11360 and 11363, General Code.

It is urged that the amended petition should be stricken from the files for the reason that after the filing of the original petition, and before the filing of the amended petition, the cause of action was barred by the statute of limitations. This would undoubtedly be true if the court was correct

in striking the original petition from the files, but the court was in error in striking the original petition from the files. The amendment changing the name of the plaintiff to conform to the fact does not change the cause of action. The action still remains against the defendant, as alleged in the original petition, and the court does not lose jurisdiction over the defendant and the rights that existed at the time of the filing of the original petition.

For a full discussion of the construction of the statutes on amendments to pleadings, pertinent to the case under consideration, see *Lake Shore & Michigan Southern Ry. Co.* v. *City of Elyria*, 69 Ohio St., 414.

In the case of *Smith* v. *Weed Sewing Machine Co.*, 26 Ohio St., 562, the court says in the opinion:

"At common law, a corporation, when it sues, need not set forth its title in the declaration; but if issue be taken, it must show, by evidence upon the trial, that it is a body corporate, having legal authority to make the contract which it seeks to enforce, if the action be upon contract, or to sue in that character and capacity in which it appears in court. *Bank of Michigan* v. *Williams*, 5 Wend., 482.

"In *Lewis* v. *The Bank of Kentucky*, 12 Ohio, 151, the rule is laid down, that, in suits brought by corporations of our own state, the court will take judicial notice of their capacity to sue; while those claiming to be foreign corporations must prove their corporate character under the general issue.

"But if no issue were taken, their capacity to sue would, of course, be admitted.

"Under the code, in order to raise the question on demurrer, the incapacity must appear on the petition. If it does not so appear, the objection may be made by answer, and if not so taken, the objection is waived."

On the face of the original petition, the plaintiff, both in the title and in the allegations, set up legal corporate existence under the laws of Ohio. Nowhere did it appear on the petition to the contrary. If objection was to be taken to the legal existence of the plaintiff as a corporation, the objection should have been made by answer. The question could not have been raised under a general denial, but should have been met by a special plea. See *Elektron Mfg. Co.* v. *Jones Bros. Electric Co.*, 8 C. C., 311, 312; also *Brady* v. *National Supply Co.*, 64 Ohio St., 267.

The judgments of the court of common pleas will be reversed, with instructions to reinstate the original petition and the amendment thereto, and for further proceedings according to law.

*Judgments reversed.*

CUSHING and BUCHWALTER, JJ., concur.