**ELBERT et v SCHWAB et**

Ohio Appeals, 1st Dist, Hamilton Co

No 4252. Decided April 3, 1933

Harry H. Shafer, Cincinnati, and Gordon D. Wilson, Cincinnati, for plaintiffs in error.

Stanley A. Silversteen and Robert G. McIntosh, for defendants in error.

ROSS, J.

This is a proceeding in error to reverse a judgment of the Court of Common Pleas, which affirmed a judgment of the Municipal Court of Cincinnati, in favor of the plaintiff in that court.

The action filed was for forcible entry and detainer and rent.

The defendants in the Municipal Court filed the following motion:

"Now comes the defendants Alice Elbert and Jack Elbert and for the purpose of this motion only and not for the purpose of entering their appearance herein, and move the court to suppress and quash the service of summons in the above entitled cause, first, for the reason that the court has no jurisdiction of this cause of action and second, because the defendants were served in Colerain Township outside the limits of the City of Cincinnati."

It appears that the plaintiffs were residents of Springfield Township, and the defendants were residents of Colerain Township. Service on one defendant was personal and on the other at residence.

This court held in the case of State ex et v Samuel W. Bell et, No. 4039, that the Municipal Court of Cincinnati in forcible entry and detainer had jurisdiction of the subject-matter of the action, even where the parties were residents of outside townships in Hamilton County, but had no jurisdiction of the person in such cases unless personal service was obtained in Cincinnati. It has been repeatedly held, however, that appearance for the purpose of filing a motion to quash service or dismiss the action, on the ground that the court has no jurisdiction of the subject-matter of the action, is an entry of appearance for all purposes.

"The appearance of defendant in court for the sole purpose of objecting, by motion to the jurisdiction of the court over his person, is not an appearance in the action, but where such motion also asks to have the cause dismissed on the ground that the court has no jurisdiction over the sub-

ject-matter of the action, which motion is not well founded, it is a voluntary appearance, which is equivalent to service of summons. **Handy v Ins. Co., 37 Oh St, 366,** approved." **Elliott v Lawhead, 43 Oh St, 171.**

The defendants having entered their appearance for all purposes, thereby dispose of the entire question now raised and the judgment of the Court of Common Pleas is affirmed.

HAMILTON, PJ, and CUSHING, J, concur.