### GOLAY et v ZOLLINGER

Ohio Appeals, 2nd Dist, Franklin Co

No 2340.   Decided Nov 14, 1933

Huggins & Liggett, Columbus, for plain-tiff in error.

Clarence L. Corkwell, Columbus, and Clyde H. Wright, Columbus, for defendant in error.

## OPINION

By BARNES, J.

The above entitled cause is now being determined on proceedings in error from the judgment of the Court of Common Pleas of Franklin County, Ohio. In the court below the parties appeared in reverse order and for convenience will be referred to here as Zollinger, plaintiff, and Golay and others, defendants.

In the court below Zollinger filed a petition against defendants, praying for a judgment for balance due on a promissory note in the sum of $8541.42, with interest.

Within rule defendants filed answer. Thereafter plaintiff moved to strike the answer from the files on the ground that it was frivolous and a sham. The court sustained the motion to strike the answer from the files on the ground that it was frivolous.

The leading Ohio case discussing this procedure is the case of **White v Calhoun, 83 Oh St, 401.**

The defendant not desiring to plead further, judgment was entered for the plaintiff for the full amount prayed for in the petition. The defendant below prosecutes error, and the finding and judgment of the court sustaining the motion and striking the answer from the files is the only question for our determination.

The trial court, as well as counsel representing the respecitve parties, apparently have great difficulty in determining the nature of the defense attempted to be stated in the answer. This answer is referred to as setting up counter-claim, set-off, tort, accord and satisfaction, compromise contract, confession and avoidance and plea in bar.

The blind men of Hindustan had no greater difficulty in determining the form and nature of the elephant than did the court and counsel in determining the proper designation for this answer. We will not attempt any nice analysis in giving the answer the proper designation. Paraphrasing the words of Pop Eye in the comic strip, "It yam what it yam because it yam."

A motion to strike a pleading on the ground that it is frivolous is very similar to a demurrer. In practice motions of this character are usually overruled if there is a semblance of the requisite allegations or averments. This is true even though a general demurrer may be sustained afterwards. If a pleading is of such a character that there is not a semblance of a cause of action or defense stated, the trial court in its discretion may sustain the motion rather than relegate the party to a similar remedy by demurrer. Whether the question should be raised by motion or demurrer is largely within the discretion of the trial court. Each method goes to the same ultimate question.

We have no difficulty in determining that the answer does not state a good defense and that the trial court was warranted in sustaining the motion. The purported answer cannot be given a construction as stating anything more than a bilateral executory contract. This is the claim made by counsel for plaintiff in error in their brief. Bouvier's Law Dictionary defines a bilateral contract as follows:

"A contract in which both the contracting parties are bound to fulfill obligations reciprocally towards each other."

The answer very clearly shows that there were certain duties upon the part of the defendants to perform. There is a total absence of averment of the performance of the conditions precedent. The answer says that the defendants were ready to perform, but this is not sufficient. In the case of

**Raudebaugh v Hart, 61 Oh St, 73,** in the second syllabus we find the following:

"Mere willingness and readiness to perform uncommunicated to the other party will not avail. And it is not in such case sufficient that the plaintiff aver that from the date of the making of the contract to and including the date at which it was to be completed he was ready and willing to do and perform everything to be done by him in the carrying out of said sale and contract. Nor was the averment sufficient when in addition thereto he avers that the defendant, although even requested so to do, has refused to comply with such contract and has at all times refused to transfer and deliver said property to plaintiff."

We think this case is determinative of every question involved. We find no prejudicial error and therefore the judgment of the court below will be affirmed. Exceptions will be allowed to the plaintiff in error.

HORNBECK, PJ, and KUNKLE, J, concur.