## NOAKER et v UNITED STATES FIDELITY & GUARANTY CO

Ohio Appeals, 6th Dist, Lucas Co

No 2876.   Decided Dec 11, 1933

Alfred J. Croll, Toledo, for plaintiffs in error.

E. P. Buckenmyer, Toledo, for defendant in error.

Kunkel & Kunkel, Cincinnati, for plaintiff.

Maxwell & Ramsey, Cincinnati, Nichols, Morrill, Wood, Marx & Ginter, Cincinnati, Britton & Britton, Batavia, and David V. Attig, Cincinnati, for defendants.

For full opinion see 39 OLR 283; 187 NE 786; 46 Oh Ap 104.

## OPINION

By RICHARDS, J.

This action was commenced in the Municipal Court by the United States Fidelity & Guaranty Company filing a petition to recover of the defendants on an indemnity bond which they had executed to the company.   On trial in the Municipal Court judgment was rendered against the defendants and this was affirmed on proceedings in error in the Court of Common Pleas.

Many questions have been argued on the hearing of this proceeding in error and they have all had the careful consideration of the court, but we deem it necessary to discuss only two of them.

The plaintiff filed an amended petition in which it set up a second cause of action making the averments of the first cause of

action a part thereof and containing additional averments showing a liability in the aggregate amount of $75.00 due it from the defendants for premium on the bond. No new summons was issued in the trial court after the filing of this second cause of action and it is contended by the plaintiffs in error that the trial court was without jurisdiction. The motion which was filed raising that question recites that it is filed without intent to enter any appearance except for the sole purpose of denying the jurisdiction of the court over the person and the subject matter upon the amended petition, and in the motion the parties ask the court to quash all proceedings upon the petition and strike the same from the files because the court, as set forth in the motion, was without jurisdiction "for the want of any alleged cause of action." This motion therefore challenged the jurisdiction of the court over the person and also over the subject matter involved in the cause of action. It has long been the settled law that when a defendant appears for the sole purpose of objecting by motion to jurisdiction of the court over his person, he does not enter his appearance in the action, but if the motion also asks to have the cause dismissed for want of jurisdiction over the subject matter of the action, and the motion is not well-founded, the filing of the motion is a voluntary appearance and is equivalent to the service of summons. This principle was announced by the Supreme Court in **Elliott v Lawhead, 43 Oh St, 171,** and in many other cases.

It will be noted that at least so far as the first cause of action was concerned, the defendants below were already in court.

It is further contended by counsel for plaintiffs in error that under the facts existing and shown by the amended petition, no liability existed on their part under the terms of the bond which they had signed. That bond was given to indemnify and save the company harmless from all loss, costs, charges and expenses of whatever kind or nature, etc., which it might incur or sustain by reason of the bond. This bond is absolute and unconditional in its terms and we have no doubt that the plaintiffs in error, by signing the same, become liable thereon on the causes of action which were set up in the amended petition.

We have examined the other claimed errors but find none to the prejudice of the plaintiffs in error and the judgment will be affirmed.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.