WHARTON *v.* POLLOCK ET AL.

(Decided November 15, 1934.)

*Mr. J. L. Mason,* for plaintiff in error.
*Messrs. Devor & Devor,* for defendants in error.

SHERICK, P. J.   This proceeding in error presents two questions of law.  The first questions the jurisdiction of the justice of the peace court over the persons of the defendants in error.  The second presents the question whether the plaintiff in error is estopped from prosecuting this action by reason of a claim of *res judicata.*  The cause comes to this court upon the complaint of the plaintiff below, Ray Wharton, to the effect that the Court of Common Pleas erred in directing a verdict against him.

On August 10, 1929, the plaintiff, as a tenant of the fields of the defendants, Harry and Ada Pollock, had an altercation with his landlord, which resulted in a physical encounter and a claimed breach of the tenant's lease.  Thereafter the plaintiff, Ray Wharton,

commenced this action for damages for breach of his contract of lease before a justice of the peace in a township other than that of the landlord's residence and obtained a judgment, from which the landlord appealed. The appeal having been perfected, the plaintiff filed his petition in the Court of Common Pleas. On the following day the tenant commenced another action in the Court of Common Pleas against the defendants for damages for personal injury sustained. This action was first tried, and therein the tenant recovered a judgment against the defendants, which the plaintiff collected by virtue of an execution.

Thereafter the action *ex contractu* came on to be tried, and the defendants by their pleadings and proof made the issues previously enumerated.

We shall first briefly consider whether or not the defendants did not voluntarily submit their persons to the jurisdiction of the justice court. It appears from the justice's transcript that the defendants asked and received a three-day continuance of the cause, and no objection was then made as to the court's jurisdiction. It next appears that the defendants moved for a dismissal ''for want of jurisdiction of both defendants and for want of jurisdiction of the subject of the action.'' If the defendants had not previously entered their appearance, they surely did so by their motion so made. Such is the precise question determined in the case of *Elliott* v. *Lawhead*, 43 Ohio St., 171, 1 N. E., 577. In the fifth paragraph of the syllabus it is held:

''The appearance of defendant in court for the sole purpose of objecting, by motion, to the jurisdiction of the court over his person, is not an appearance in the action, but where such motion also asks to have the cause dismissed on the ground that the court has no jurisdiction over the subject-matter of the action, which motion is not well founded, it is a voluntary

appearance, which is equivalent to service of summons.''

The defendants in their zeal to maintain the judgment assert that Section 11306, General Code, made it permissible and mandatory that the plaintiff should have joined his action *ex contractu* with his action *ex delicto,* because of the fact that both grew out of the same transaction. They say that all questions might, and should have been, then litigated, and the general rule of estoppel in such cases is invoked. We are of the opinion that this is not the correct conception of the law that should govern in this case.

The true rule is that the provisions of Section 11306, General Code, for the joinder of causes of action, are not mandatory, but permissive. The option is placed in the pleader. Our code goes further in that it provides that upon motion a court may order a consolidation of actions that may be properly joined. It is worthy of note that the defendants did not so move the Court of Common Pleas, wherein both causes were pending.

It is recognized in *Sturges* v. *Burton,* 8 Ohio St., 215, 72 Am. Dec., 582, that:

''By the provisions of the code, the plaintiff may unite in one action all causes of action arising from 'the same transaction, or transactions connected with the same subject of action;' and this includes causes of action legal and equitable, *ex contractu* and *ex delicto.* But if the causes of action do not arise from the same transaction, or transactions connected with the same subject of action, then causes of action *ex contractu* can not, in general, be united with causes of action *ex delicto.*''

Now do the two causes of action arise from the same transaction? It has been held in this state that it was proper to join a cause of action for fraud with one for breach of warranty in the sale of a horse. Clearly in that case the sale of an unsound horse was the only

transaction. But in the present case the defendant's assault upon the plaintiff was not that which effected a breach of the contract, if any such did occur. Rather, it was the result of defendants ordering the plaintiff to stay off the premises. The fact that these two claimed acts were nearly simultaneous does not make them one act or transaction. The one rested on personal injury; the other upon a verbal order to thereafter stay off the premises. It was not necessary in the present action to plead and prove the tort. Such was surplusage and irrelevant. The premise upon which the present action must be founded is a wrongful eviction from his leasehold, and his resultant damage. In 23 Ohio Jurisprudence, 973, Section 743, the correct test is set forth as follows:

"The matter or point in dispute may be the same in both actions, and yet involve different causes of action. Where the cause or object of the two actions is different, a prior judgment is no bar to a subsequent action. If it is doubtful whether a second suit is for the same cause of action as the first, it is a proper test to consider whether the same evidence would sustain both. This method has been called the best and most accurate test."

This rule was applied by this court in *Ohio Fuel Gas Co.* v. *City of Mt. Vernon*, 37 Ohio App., 159, 174 N. E., 260. The rule of *res judicata* as applicable to the causes of action now being considered is well stated in 23 Ohio Jurisprudence, 981, Section 749:

"It is established in Ohio that when the second action between the same parties or their privies is upon a different claim, or demand, or cause of action, the judgment in the first suit operates as an estoppel only as to the points or questions actually litigated and determined, and not as to other matters which might have been litigated and determined. In other words, in order to make a judgment at law conclusive between the same parties or their privies in a subsequent suit

on a different cause of action, the matter attempted to be disputed in the subsequent suit must have been put in issue in the first action, and therein necessarily tried and determined.''

The defendants do not contend that an issue was made *ex contractu* in the first cause tried. That suit only dealt with personal injury and damages growing out of the assault. The jury did not consider a breach of the rental contract as an element of damage therein.

It is therefore the conclusion of this court that the motion for a directed verdict should have been overruled. The judgment must be and is reversed, and the cause is remanded for a new trial.

*Judgment reversed.*

LEMERT and MONTGOMERY, JJ., concur.