BROWN, APPELLANT, *v.* LAMB ET AL., APPELLEES.*

*Motion to certify the record overruled, October 13, 1960.

(No. 5242—Decided January 25, 1960.)

*Mr. Dan H. McCullough* and *Mr. Richard T. Secor*, for appellant.

*Messrs. Farber, Cochrane, Green & Schrader*, for appellees.

Fess, J.  This is an appeal on questions of law, taken from two judgments of the Court of Common Pleas entered August 27, 1959, as follows:

"This day this cause came on to be heard upon the motion of the defendant, Edward Oliver Lamb, to strike plaintiff's petition from the files on the grounds that the said petition violates Section 2309.04 of the Revised Code of Ohio in that it is not in ordinary and concise language and is frivolous, vexatious and scurrilous. The court being fully advised in the premises, finds that said motion is well taken and should be and is hereby granted.  It is, therefore, ordered, adjudged and decreed that the petition of the plaintiff be stricken from the files because it is not in ordinary and concise language and is frivolous, vexatious and scurrilous.  Exceptions are granted to the plaintiff. The plaintiff not wishing to file an amended petition, the petition herein is dismissed at plaintiff's costs.  Exceptions."

"This cause came on to be heard on motion of Dispatch, Inc., to quash service of summons upon it for the reason that it is now and always has been a corporation organized and existing only in the Commonwealth of Pennsylvania, is not qualified or admitted in Ohio as a foreign corporation and has never been and is not now engaged in the transaction of business within the state of Ohio and has not either appointed an agent or anyone else upon whom service of process against it can be made in Ohio nor has it otherwise consented to service of summons upon it in actions brought in this state, nor did the alleged

cause of action of the plaintiff arise within the state of Ohio. The court, being fully advised in the premises, finds that said motion is well taken and should be and it is hereby granted and the service of summons upon said defendant, Dispatch, Inc., is hereby quashed. It is, therefore, ordered, adjudged and decreed that the service of summons upon defendant, Dispatch, Inc., is hereby quashed. Exceptions to plaintiff."

I. Order sustaining motion to quash.

The transcript of the docket and journal entries discloses return of summons on May 5, 1959, made upon the corporate defendant by delivering to its president, Edward Oliver Lamb, personally, a certified copy of the writ with endorsements thereon together with a copy of the petition, and also copies of petition and summons served upon the defendant Lamb and copy of service of summons served upon the corporate defendant by registered mail. On May 29, 1959, leave was granted defendant (without designating which one) to move on or before June 1, 1959, or to plead on or before July 1, 1959. On June 1, 1959, defendant Dispatch, Inc., filed its motion to quash service of summons. On June 2, 1959, the aforesaid entry of May 29, 1959, was vacated and held for naught and leave was granted to defendant Lamb to move on or before June 15, 1959, or to plead on or before July 1, 1959.

In his petition, plaintiff alleged that the defendant Lamb, individually and as president of Dispatch, Inc., employed the plaintiff as attorney in the matter of the renewal of a TV station license, and that said cause of action or some part thereof arose in Lucas County, Ohio.

The motion to quash recites:

"Dispatch, Inc., moves the court to quash the service of summons upon it for the reason that it is now and always has been a corporation organized and existing only in the Commonwealth of Pennsylvania, is not qualified or admitted in Ohio as a foreign corporation and has never been and is not now engaged in the transaction of business within the state of Ohio and has not either appointed an agent or any one else upon whom service of process against it can be made in Ohio nor has it otherwise consented to service of summons upon it in actions

brought in this state, nor did the alleged cause of action of the plaintiff arise within the state of Ohio.''

Neither the petition nor the motion to quash is positively verified.

It is to be noted that no reservation of special appearance was made in the motion to quash and also that the journal entry sustaining such motion merely recites the allegations of the motion to quash and that the court ''being fully advised in the premises, finds'' the motion well taken, and thereby fails to recite that evidence was received at a hearing on the motion. The statement in plaintiff-appellant's brief that no hearing on the motion was had is not denied by appellee.

The corporate defendant moves to dismiss the appeal as to it on the ground that the appeal is not taken from a final order by reason of the fact that the petition was not dismissed, citing in support thereof *Puthoff* v. *Owens-Illinois Glass Co.*, 30 Ohio Law Abs., 653, 31 N. E. (2d), 684, and 2 Ohio Jurisprudence (2d), 610, Section 43. However, the effect of the order in the instant case, sustaining the motion to quash, has the consequence of terminating the action as against the corporate defendant and the plaintiff's right to prosecute the same, in holding that the defendant is not amenable at all to the jurisdiction of the court and its process. We therefore conclude, as did the Court of Appeals for Franklin County in *Rucker* v. *Personal Finance Co. of Columbus, Inc.*, 86 Ohio App., 110, 90 N. E. (2d), 428, that the order quashing the service of summons on a foreign corporate defendant, without dismissing the petition, effectually determined the jurisdictional question as well as the action, and that the order is final within the meaning of Section 2505.02, Revised Code. The motion to dismiss the appeal is, therefore, overruled.

Although the above entry of May 29, 1959, does not indicate which of the two defendants sought leave to move or plead, the subsequent motion of the corporate defendant to quash service, filed June 1, 1959, and the entries of June 2, 1959, vacating the entry of May 29, 1959, and granting leave to the individual defendant to move or plead, may indicate an effort on the part of the corporate defendant to avoid the consequences of entry of appearance made on May 29, 1959. It is also to be

observed that the motion to quash was not made under a special appearance. As a general rule, a motion to quash service, without special appearance for the sole purpose of attacking the jurisdiction of the court over the person of the moving defendant, does not constitute in itself an entry of appearance. On the other hand, a motion attacking the jurisdiction over the person, which also involves the merits of the case made in the petition, constitutes an appearance. *Handy* v. *Insurance Co.*, 37 Ohio St., 366; *Maholm* v. *Marshall*, 29 Ohio St., 611; *Elliott* v. *Lawhead*, 43 Ohio St., 171, 1 N. E., 577; *Wharton* v. *Pollock*, 49 Ohio App., 443, 197 N. E., 379; *Jones* v. *Andrews*, 14 Ohio Law Abs., 160; *Elbert* v. *Schwab*, 14 Ohio Law Abs., 702; *Noaker* v. *United States Fidelity & Guaranty Co.*, 16 Ohio Law Abs., 133; Cf. *Bennett* v. *Radlick*, 104 Ohio App., 265, 145 N. E. (2d), 334.

Inasmuch as the petition alleged that the cause of action or some part thereof accrued in Lucas County and the motion to quash alleged that it did not, a question of fact was presented for determination by the court in passing upon the motion to quash, and the court, therefore, could not conclude as a matter of law upon the state of the pleadings that it did not have jurisdiction over the person of the defendant.

The judgment must therefore be reversed and the cause remanded for redetermination of the motion to quash, as well as whether the corporate defendant had previously entered its appearance on May 29, 1959, by reason of the filing of the motion to quash without special appearance.

II. Order striking petition from files.

The petition, comprising fourteen pages, does not comply with the mandate of Section 2309.04, Revised Code, by stating facts constituting a cause of action in ordinary and concise language. It is verbose, redundant and pleads irrelevant and evidentiary facts. The usual and ordinary remedy accorded a party prejudiced by failure of the plaintiff to comply with the statute is by motion to strike. Section 2309.33, Revised Code, specifically provides that if redundant, irrelevant or scurrilous matter be inserted in a pleading, it may be stricken *out* on motion of the party prejudiced thereby. Section 2309.70, Revised Code, provides that motions to strike pleadings and papers from

the files may be made with or without notice as the court directs. But this remedy is ordinarily employed to strike pleadings for failure to comply with previous orders of the court, *Harrison* v. *Knight, Admr.*, 19 C. C. (N. S.), 457; *Robinson* v. *Fitch*, 26 Ohio St., 659; *State, ex rel. Continental Casualty Co. of Chicago*, v. *Birrell, Judge*, 164 Ohio St., 390, 131 N. E. (2d), 388. The office of a motion to strike a pleading from the files is to test the regularity connected with the filing, as when filed after time; to its form with respect to verification; or for failure to comply with previous orders of the court. Its office is not to inquire into the merits of the case. *Finch* v. *Finch*, 10 Ohio St., 501, 505; *Black* v. *Goodman, Trustee*, 12 C. C. (N. S.), 287; *Blaney* v. *Baltimore & Ohio Rd. Co.*, 7 Ohio App., 322, 323; *Rogers* v. *Metropolitan Life Ins. Co.*, 15 Ohio App., 333. The motion may also be employed to strike sham or frivolous pleadings. *White* v. *Calhoun*, 83 Ohio St., 401, 94 N. E., 743. And the exercise of the power to strike a sham pleading necessarily imports the taking of evidence at the hearing thereon. Cf. *White* v. *Calhoun, supra*; *Rogers* v. *Metropolitan Life Ins. Co., supra*; *Schottenfels* v. *Massman*, 16 Ohio App., 78; *Metzenbaum* v. *Lyman*, 65 Ohio Law Abs., 90; *Brown* v. *Bahrick*, 71 Ohio Law Abs., 529, 131 N. E. (2d), 691; *Carter* v. *City of Wooster*, 79 Ohio Law Abs., 314, 155 N. E. (2d), 533; Contra, *Golay* v. *Zollinger*, 16 Ohio Law Abs., 387, wherein the answer failed to state a valid defense. And where there arises a conflict of evidence upon a material point, or a rational doubt as to the proper order to be made, the motion should be overruled. *White* v. *Calhoun, supra.* The Supreme Court has said that it does not approve of the practice of using a motion to strike from the files in place of a demurrer. *Robinson* v. *Fitch, supra.*

In *Stoutenburg* v. *Lybrand*, 13 Ohio St., 228, the court stated:

"* * * Under the code, demurrers go to the substance and not to the form of pleadings. If a pleading, liberally construed, sets out a sufficient cause of action or defense, though it may be defectively stated, a demurrer to it will not lie. Objections to defects *extending only to the mode of statement must be taken by motion.* The code requires the allegations of a pleading to be expressed in ordinary language * * *." (Italics supplied.)

And the alleged insufficiency of a pleading, in substance, ought to be taken by demurrer and not by motion to strike from the files. *Buckeye Garage & Sales Co.* v. *Young,* 18 C. C. (N. S.), 429; *Bertram* v. *Theobald Munford Co.,* 25 C. C. (N. S.), 111; *Ohio, Indiana & Kentucky Heater Co.* v. *Shafer,* 19 Ohio App., 399. Likewise, material averments and entire causes of action may not be stricken out on motion, but must be met by demurrer or answer. *Long* v. *Newhouse,* 57 Ohio St., 348, 49 N. E., 79; *Shaw* v. *Midland Bank,* 70 Ohio App., 181, 33 N. E. (2d), 422. Cf. 31 Ohio Jurisprudence, 887, 888, Section 295.

It will thus be observed that as in the case of passing on a demurrer, so also in the case of a motion to dismiss a pleading on the ground that it is not in ordinary or concise language, the demurrer must be overruled and a motion to dismiss on such ground must likewise be overruled. As above stated, the remedy is by way of motion to strike from the pleading. Defendants' counsel contend that the petition is so replete with evidentiary, redundant and other improper allegations that a motion to strike would be as lengthy as the petition itself and, if granted, would so emasculate the petition as to leave nothing of substance remaining, and would impose undue hardship upon the court and counsel. Notwithstanding this contention, we are of the opinion that the appropriate remedy is by way of motion to strike or possibly by motion to make definite and certain.

As above stated, the petition was stricken from the files on the ground that it is not couched in ordinary and concise language, and upon the further ground that it is frivolous, vexatious and scurrilous.

Although no statutory power is conferred upon the Court of Common Pleas to strike a petition on the ground that it is frivolous, it is said that the court has inherent power to do so. A pleading is called "frivolous" when it is clearly insufficient on its face and does not controvert the material points of the opposite pleading and is presumably interposed for mere purposes of delay or to embarrass the opponent. *White* v. *Calhoun, supra; Christie* v. *Drennon,* 1 O. D., 374; *Erwin* v. *Lowery,* 64 N. C., 321; *Strong* v. *Sproul,* 53 N. Y., 497, 499; *Gray* v. *Gidiere,* 4 Strob. L. (S. C.), 438, 442; *In re Beam,* 93 N. J. Eq., 593, 117 A., 613, 614; *Milberg* v. *Keuthe,* 98 N. J. L., 779, 121 A., 713, 714.

In Ohio, the motion has been employed to strike from the files a frivolous answer or cross-petition filed for the mere purpose of delay. *White* v. *Calhoun, supra*; *Christie* v. *Drennon, supra.*

The term, ''vexatious,'' as applied to a pleading imports that it is instituted maliciously and without probable cause for the purpose of annoying and embarrassing one's opponent or when it is not calculated to lead to any practical result. Black's Law Dictionary (4 Ed.).

''Scurrilous'' imports indecency or abuse and is synonymous with vile, vulgar, foul or foul-mouthed. *United States* v. *Strong*, 263 F., 789, 796; *United States* v. *Ault*, 263 F., 800, 810.

We have examined the petition with some care and are of the opinion that it is not frivolous, vexatious or scurrilous, and, under the rule of liberal construction, states a cause of action good as against a demurrer.

The petition does contain allegations possibly evidentiary in character of charges of Communistic affiliation by the individual defendant made before the Federal Communications Commission by way of supporting the claim of the plaintiff with respect to the value of the services plaintiff rendered the defendants, which might seem vexatious to the defendant but, absent a finding upon evidence that no such charges were made, it can not be held that such allegations are either scurrilous or necessarily vexatious.

It is further contended by appellee that, in the absence of a bill of exceptions, the presumption of regularity of the proceedings incident to the granting of the motion requires affirmance. Cf. *Barrett* v. *W. S. Goff Co.*, 11 Ohio Law Abs., 323. As above indicated, however, it is not to be presumed from the language employed in the journal entry that the motion was decided upon evidence. Therefore, the situation arising on this appeal is analogous to that presented on an appeal from the dismissal of a petition after the sustaining of a demurrer. The presumption of regularity, therefore, does not arise. On the contrary, it appears that the motion to dismiss was decided as a matter of law, solely upon the allegations of the petition.

### III. Conclusion.

In the light of the foregoing considerations, the judgments

of the Common Pleas Court sustaining the motion to quash service of summons and dismissing the petition on the ground that it is not in clear and concise language and is frivolous, vexatious and scurrilous, must be reversed and the cause remanded to the Court of Common Pleas for further proceedings according to law.

*Judgments reversed.*

SMITH and DEEDS, JJ., concur.