TALBOTT ET AL., APPELLEES, *v.* FOUNTAS ET AL., APPELLANTS.

(No. 84AP-148—Decided May 24, 1984.)

*Martin, Eichenberger & Baxter Co., L.P.A.,* and *Mr. Jerry A. Eichenberger,* for appellees.

*Messrs. Sheward & Weiner* and *Mr. Samuel B. Weiner,* for appellants.

REILLY, J. Plaintiffs-appellees' motion for an award of attorney fees for a frivolous appeal, pursuant to App. R. 23, is not well-taken.

A frivolous appeal under App. R. 23 is essentially one which presents no reasonable question for review. While an appeal which is brought from an order which is not final and appealable pursuant to R.C. 2505.02 is subject to dismissal for lack of jurisdiction, it is not frivolous within the provision of App. R. 23. When dismissal occurs for lack of a final appealable order, there has been no consideration of the merits of the case, and hence there is no basis for a finding that no reasonable question was presented for review.

Moreover, the agreed judgment entry filed on February 15, 1984, which rendered the appeal moot, did not render the appeal frivolous under App. R. 23. The notice of appeal was filed before the entry of the agreed judgment, and it is reiterated that there has been no determination that there was no reasonable question for review at the time the appeal was commenced. While appellants should have sought the dismissal of this appeal at the time of the entry of the agreed judgment, they did not contest appellees' motion to dismiss, and in fact filed their own motion to dismiss on March 15, 1984. Thus, it is evident that appellees' expenses incurred in seeking the dismissal of this appeal could have been avoided had appellees' counsel communicated with counsel for appellants prior to the preparation of appellees' motion to dismiss.

For the foregoing reasons, appellees' motion for attorney fees incurred in seeking the dismissal of this appeal is not well-taken, and is overruled.

*Motion for attorney fees overruled.*

WHITESIDE and NORRIS, JJ., concur.

WHITESIDE, J., concurring. An appeal from an order which is not appealable may be insufficient on its face, which is one of the definitions of frivolous. See *Brown* v. *Lamb* (1960), 112 Ohio App. 116, 120 [16 O.O.2d 47].

One exception is where the question of appealability is reasonably debatable, necessitating the filing of an appeal to determine the issue of appealability.

Another exception is where the appeal is prematurely filed after decision but before judgment, which, pursuant to App. R. 4(A), becomes an appeal only upon filing of the judgment, even though the clerk of the trial court may erroneously process the appeal. This appears to be the situation here if the order is not appealable. The notice of appeal was filed on February 7, 1984, without specifying the order appealed from as required by App. R. 3(C), but was filed the day after an entry entered February 6, 1984. If that entry was either interlocutory or in effect only a decision, the clerk of the trial court erroneously prematurely processed the appeal. There is no indication that appellants insisted upon immediate processing of a premature appeal.

R.C. 2505.35 provides for expenses, including attorney fees, being paid to the appellee, where either a judgment is affirmed or an appeal is dismissed for want of prosecution. An award under that statute is not appropriate here. Appellants' neglect was not in filing the premature notice of appeal (although it was defective in form) but in failing promptly to cause dismissal of the prematurely processed appeal once a judgment was entered pursuant to an agreement of the parties. However, there is no indication that appellees requested appellants to dismiss the appeal, and appellants refused. Had that occurred, a different issue would be presented since appellants would have been insisting upon pursuing an essentially frivolous appeal. In this case, appellees proceeded immediately to file a motion to dismiss the appeal and for attorney fees. Upon receipt of that motion, appellants promptly voluntarily dismissed the appeal. Under these circumstances, I concur in the overruling of the motion for attorney fees.