IN RE ESTATE OF HOLLINGSWORTH.

(No. CA88-08-060—Decided
February 27, 1989.)

*Garretson Law Offices* and *Patrick
W. Garretson,* for appellee Garnett
Gilbert, executrix.

*Scott H. Ray, Jr.,* for appellant.

YOUNG, J. This cause involves a
continuing dispute over the rights to a
joint and survivorship account held in
the names of appellant, Charles Holl-
ingsworth, and his late mother, Mabel
E. Hollingsworth. On January 9, 1987,
the Warren County Court of Common
Pleas, Probate Division, found that the
account should be placed into the
estate of Mabel E. Hollingsworth to be
distributed as an asset of the estate.
However, the court subsequently
reconsidered its decision and excluded
the account from the inventory. Pur-
suant to an appeal by the executrix, ap-
pellee Garnett Gilbert, we reversed the
trial court's decision and remanded the
cause to the trial court with a mandate
to place the account into the estate to
be distributed as an asset of the estate.

*In re Estate of Hollingsworth* (Mar. 31,
1988), Warren App. No. CA87-06-050,
unreported. The Ohio Supreme Court
refused to accept the case for review
on August 3, 1988 (see 38 Ohio St. 3d
709, 533 N.E. 2d 359), and denied ap-
pellant's motion for a rehearing on
September 14, 1988 (see 38 Ohio St. 3d
721, 533 N.E. 2d 1064).

Upon remand, the trial court
granted a motion to compel appellant
to pay over to the estate $45,325.56
plus interest from the date of death as
proceeds from the account pursuant to
this court's mandate of March 31,
1988. Appellant refused to pay over
the money, however, and filed the in-
stant appeal, arguing that the trial
court could not compel him to pay over
money which was lawfully in his
possession. Appellee filed a motion to
dismiss and penalize on the grounds
that appellant was simply ignoring this
court's previous mandate and asser-
ting arguments that we had previously
addressed.

We find appellee's motion to
dismiss to be well-taken. The order
from which appellant appeals is not a
final appealable order under R.C.
2505.02. The trial court's order com-
pelling appellant to pay over the
money to the estate did not determine
any issues or prevent a judgment. It
was merely an order carrying out the
judgment of this court that the money
in question belonged in the estate. Ac-
cordingly, the appeal must be, and
hereby is, dismissed. Appellant is
ordered to pay over the $45,325.56
plus interest from date of death to the
estate.

We further find appellee's motion
to penalize to be well-taken. App. R. 23
allows a court of appeals to require ap-
pellant to pay reasonable expenses of
the appellee, including attorney fees
and costs, upon a finding that an ap-
peal is frivolous. An appeal may be
considered frivolous if it is insufficient

on its face. See *Brown* v. *Lamb* (1960), 112 Ohio App. 116, 122, 13 O.O. 2d 430, 433, 171 N.E. 2d 191, 196. The instant appeal is clearly insufficient on its face. Appellant is attempting to appeal an order which merely executes this court's previous mandate. It is readily apparent that this appeal represents nothing more than appellant's obstinate refusal to accept the ruling of this court and to delay execution of our mandate. Under such circumstances, sanctions are both appropriate and warranted. See 1 Whiteside, Ohio Appellate Practice (1988) 87, Section T 23.08. Therefore, pursuant to App. R. 23, we find the instant appeal to be frivolous and order appellant to pay the reasonable expenses of appellee, including attorney fees and costs. Appellee may submit evidence by way of affidavit regarding the costs, including attorney fees, incurred in this appeal, within seven days of the judgment entry herein. Appellant may submit counteraffidavits concerning the amount of reasonable attorney fees and costs within fourteen days after judgment is entered herein. This court will then make a finding of costs, including attorney fees, which will be assessed in favor of appellee against appellant.

This cause is dismissed.

*Cause dismissed.*

HENDRICKSON, P.J., concurs.

KOEHLER, J., dissents.

KOEHLER, J., dissenting in part. The majority has concluded that the order from which the appeal was taken is not a final appealable order under R.C. 2505.02. I agree.

An appeal which is taken from an order which is not final and appealable pursuant to R.C. 2505.02 is subject to dismissal for lack of appellate jurisdiction. The majority has made disposition of this appeal on a jurisdictional basis and grants appellee's motion to dismiss. I concur with the majority's disposition on jurisdictional grounds.

Having dismissed the appeal and without any statutory or case law to support its jurisdiction to do so, the majority orders appellant to comply with the trial court's order. There is no retained jurisdiction for this court to make such an order. In my view, App. R. 12 precludes such an order.

I must further disagree with the majority's efforts to impose sanctions upon appellant.

Relying upon the provisions of App. R. 23, the majority finds that appellee's motion to penalize is well-taken and proposes to determine the appropriate penalty to be assessed in subsequent proceedings. App. R. 23, damages for delay, reads in its entirety as follows:

"If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs."

The majority has made a judicial determination that "the instant appeal is clearly insufficient on its face." It therefore concludes that the appeal may be considered frivolous and cites *Brown* v. *Lamb* (1960), 112 Ohio App. 116, 122, 13 O.O. 2d 430, 433, 171 N.E. 2d 191, 196, for the proposition that "an *appeal* may be considered frivolous if it is insufficient on its face." The cited authority from the Court of Appeals for Lucas County considered an appeal from the court of common pleas which granted a motion to strike appellant's complaint because it was frivolous. The opinion was directed to the trial court's authority to strike a frivolous pleading and is irrelevant to and not analogous to the majority's interpretation of App. R. 23. Additionally, the author has mis-

quoted Judge Fess, who actually wrote:

"* * * A *pleading* is called 'frivolous' when it is clearly insufficient on its face and does not controvert the material points of the opposite pleadings and is presumably interposed for mere purposes of delay or to embarrass the opponent." (Emphasis added.) *Id.*

The author relies generally upon 1 Whiteside, Ohio Appellate Practice (1988) 87, Section T 23.08.

The text principally deals with appeals heard and decided and the relationship of App. R. 23 and R.C. 2505.35 to appeals determined to be frivolous.

Overlooked in the text is the following at 88: "* * * [h]owever, when an appeal must be dismissed because it is taken from an order which is not final and appealable, the appeal is not frivolous within the contemplation of Appellate Rule 23." Here Judge Whiteside footnotes *Talbott* v. *Fountas* (1984), 16 Ohio App. 3d 226, 16 OBR 242, 475 N.E. 2d 187. In that cause, Judge Reilly, writing for the Court of Appeals for Franklin County, with the concurrence of Judges Whiteside and Norris, stated at 226, 16 OBR at 242, 475 N.E. 2d at 188:

"A frivolous appeal under App. R. 23 is essentially one which presents no reasonable question for review. While an appeal which is brought from an order which is not final and appealable pursuant to R.C. 2505.02 is subject to dismissal for lack of jurisdiction, it is not frivolous within the provision of App. R. 23. When dismissal occurs for lack of a final appealable order, there has been no consideration of the merits of the case, and hence there is no basis for a finding that no reasonable question was presented for review."

Accordingly, it is my belief that without a final appealable order this court does not have jurisdiction and is without authority to order appellant to comply with the trial court's order, nor does this court have jurisdiction to assess a penalty against appellant for bringing a frivolous appeal.

I must dissent, not from the dismissal of the appeal or the reason therefor, but for the overreaching nature of the mandate herein.