JOURNAL ENTRY AND OPINION
This case is before the court on appeal from the entry of a mandate from this court in Appeal No. 73459. The appellate mandate affirmed the common pleas court's entry of judgment for the plaintiff on his tort claim for conversion but reversed the judgment on plaintiff's breach of contract claim. The mandate further affirmed a judgment requiring one defendant to indemnify another while reversing the order requiring indemnification from two other co-defendants.
Defendants-appellants' two assignments of error contend:
 I. THE TRIAL COURT'S MERE JOURNALIZATION OF THE APPELLATE COURT'S OPINION DOES NOT CONSTITUTE ENTRY OF JUDGMENT.
 II. THE TRIAL COURT'S MERE JOURNALIZATION OF THE APPELLATE COURT'S OPINION, WITHOUT MAKING A NEW DETERMINATION OF DAMAGES, IS REVERSIBLE ERROR.
Appellee has moved to dismiss this appeal for lack of jurisdiction. Appellee claims the journalization of the appellate court opinion is not a "judgment" and therefore cannot be appealed. We agree; therefore, this appeal is dismissed.
Appellate Rule 27 provides that "[a] certified copy of the court of appeals' judgment shall constitute the mandate." Similarly, R.C. 2505.39 provides:
 A court that reverses or affirms a final order, judgment or decree of a lower court upon appeal on questions of law shall not issue execution, but shall send a special mandate to the lower court for execution or further proceedings.
 The court to which such mandate is sent shall proceed as if the final order, judgment, or decree had been rendered in it. On motion and for good cause shown, it may suspend an execution made returnable before it, as if the execution had been issued from its own court. Such suspension shall extend only to stay proceedings until the matter can be further heard by the court of appeals or the supreme court.
The filing of a mandate is not a final appealable order of the common pleas court but is a directive from this court to the common pleas court to "proceed as if the final order, judgment, or decree had been rendered in it." Any other conclusion would allow this court to review its own decisions, an obviously improper result.[1]
There is no common pleas court order for this court to review, so this appeal must be dismissed.
Appellee asserts this appeal is frivolous and demands an award of attorney's fees and costs pursuant to App.R. 23. He contends that this appeal represents an obstinate refusal by appellants to accept this court's prior ruling. Cf. In re Estateof Hollingsworth (1989), 58 Ohio App.3d 14. To the contrary, appellants embrace the prior ruling but assert that the amount of the judgment should be amended. We lack jurisdiction to consider this issue but do not find it to be frivolous.
Appeal dismissed.
This cause is dismissed.
It is, therefore, considered that said appellee recover of said appellants his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and ANN L. KILBANE, J., CONCUR
 _________________________________ JUDGE KENNETH A. ROCCO
[1] Note, however, that the court of appeals' judgment entry filed with the clerk for journalization is a final order appealable to the Ohio Supreme Court.