DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Ottawa County Municipal Court. Pursuant to 6th Dist.Loc.App.R. 12 (C), we sua sponte transfer this matter to the court's accelerated docket.
Appellants, James J. Posadny and Barbara J. Posadny, set forth two assignments of error. See Appendix A. The first assignment addresses alleged error in the trial court's grant of summary judgment to appellees, Erie Islands Resort Marina, et al. The second challenges the trial court's grant of appellees' motion for a default judgment on their counterclaim.
With regard to appellants' first assignment of error, the claims raised by appellants are identical to those set forth in at least two other cases decided by this court. Slawson v.Erie Islands Resort Marina (July 30, 1999), Ottawa App. No. OT-98-042, unreported; Stover v. Erie Islands Resort (Sept. 11, 1998), Ottawa App. No. OT-97-056, unreported. In both cases, the trial court granted summary judgment to appellees and we affirmed that judgment. Upon a thorough review of appellants' arguments, and the record in this case, we find, on the authority of Slawson
and Stover, appellants' first assignment of error not well-taken. See, also, Whitman v. Erie Islands Resort (Dec. 30, 1996), Ottawa App. No. OT-96-010, unreported, and Mierke v. Erie Island Resort Marina (Nov. 9, 1995), Ottawa App. No. OT-95-014, unreported.
In their second assignment of error, appellants contend that the trial court erred in granting appellees' motion for a default judgment on their counterclaim. The counterclaim alleged two breach of contract claims. The first claim asserted that appellants defaulted on a promissory note. The second claim maintained that appellants breached a purchase contract by failing to pay maintenance and assessment fees for the years 1994, 1995 and 1996. Appellants failed to plead or otherwise defend. Therefore, appellees filed a motion for a default judgment on their counterclaim. Appellants did not respond to this motion. Consequently, the trial court granted the motion and entered a default judgment in favor of appellees.
On appeal, appellants apparently argue that an answer to the counterclaim was unnecessary because, if appellants' cause of action sounding in fraud was proven, the contract between the parties would be rescinded and appellees would have no counterclaim. We disagree.
Civ.R. 12 (A) requires a defendant to file an answer within twenty-eight days after service of a complaint upon him. When a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Ohio Rules of Civil Procedure, the party entitled to a judgment by default can apply in writing or orally to the court. Civ.R. 55 (A). The rule is applicable to cross-claims and counterclaims. Civ.R. 55 (C). Once a default judgment is entered against a party, the party may seek to set it aside pursuant to Civ.R. 60 (B). Civ.R. 55 (2). Here, it is undisputed that appellants received proper notification of the counterclaim filed against them and of the motion for a default judgment. Appellants never filed an answer or any responsive pleading; further, they never sought relief from the default judgment pursuant to Civ.R. 60 (B). Therefore, appellants' second assignment of error is found not well-taken.
Appellees ask this court for an award of attorney fees pursuant to App.R. 23, arguing that appellants' appeal is frivolous. Under App.R. 23, an appellate court may assess attorney fees and costs against a party whose appeal presents no reasonable question for review. Scott v. Borelli (1995),106 Ohio App.3d 449, 457. Appellees cite to In re Estate ofHollingsworth (1989), 58 Ohio App.3d 14, as support for the proposition that an appeal is frivolous when it is based on identical arguments previously advanced and rejected by reviewing courts. However, Hollingsworth involved the same parties to a previous appeal, an order that was not final and appealable and an appellant who appealed a second time simply to delay execution of the appellate court's prior judgment. Id. at 15-16. In the case under consideration, the claims are the same, but the appellants are not the same as those in Slawson and Stover.
Thus, we do not find that presenting these issues for our review and reconsideration in a subsequent unrelated case is unreasonable. Accordingly, appellees' request for an award of attorney fees is overruled.
The judgment of the Ottawa County Municipal Court is affirmed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
 ____________________________ PETER M. HANDWORK, J.
MELVIN L. RESNICK. J., RICHARD W. KNEPPER, P.J. CONCUR.
 APPENDIX A ARGUMENT ASSIGNMENT OF ERROR — NO. 1
THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE ERIE ISLANDS DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON AUGUST 9, 1999, BECAUSE:
A. THE PLAINTIFFS' EVIDENCE
 "THE ERIE ISLANDS 1/15,000 INTERESTS WERE SO POPULAR, SELLING SO FAST THAT ALL THE 1/15,000 INTERESTS WOULD BE SOLD IN A YEARS TIME, AND NONE WOULD BE AVAILABLE UNLESS SOME OWNER WISHED TO RESELL THEIR INTERESTS; POSADNY AFFIDAVIT, FILED DECEMBER 30, 1998, PARAGRAPH 5; AND
 THAT THERE HAD BEEN A STRONG "RESALE MARKET" SO THAT THOSE OWNERS WHO HAD WANTED TO SELL OR "CASH OUT" THEIR INTERESTS, DID EASILY DO SO, WHEN IN FACT THAT WAS SIMPLY NOT SO, — AND THERE WAS NO FACTUAL OR OTHER BASIS FOR SO REPRESENTING TO MR. AND MRS. POSADNY; POSADNY AFFIDAVIT FILED DECEMBER 30, 1998, PARAGRAPH 5, 6, 7."
B. THE ALLEGED AND CLAIMED DEFENSES BY ERIE ISLANDS THAT THE PROVISION THAT PLAINTIFFS' AGREED AND ACKNOWLEDGED THAT PLAINTIFFS COULD AND DID NOT RELY ON ORAL REPRESENTATIONS BECAUSE SUCH PROVISIONS ARE AGAINST PUBLIC POLICY WHERE, AS HERE, DEFENDANTS SOUGHT TO FREE THEMSELVES FOR THEIR OWN ACTS OF FRAUD, AND SUCH ARE NOTENFORCEABLE BY THE COURT;
C. THE TRICKS AND DECEIT BY ERIE ISLANDS IN FALSELY STATING TO THE PLAINTIFFS THAT PLAINTIFFS HAD BEEN CORRECTLY AND TRULY TOLD AND INFORMED OF THE CONTENTS OF THE CONTRACT DOCUMENTS, AND DECLARATIONS, AND OTHER BITS OF DECEIT MAKE A JURY QUESTION.
 ASSIGNMENT OF ERROR NO. 2. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DEFAULT JUDGMENT FOR ERIE ISLANDS ON THEIR COUNTER CLAIM FOR UNPAID CHARGES, BECAUSE PLAINTIFFS IN THEIR COMPLAINT ALLEGED FACTS WHICH IF PROVEN WOULD PROVIDE A DEFENSE