[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte. This is the second time this case has been before this court. In the first appeal, E-00-044, filed in July 2000, the defendants, Daniel Klonowski, et al., challenged a decision by the Erie County Court of Common Pleas judge following a trial to the bench. The judge had rendered a verdict in favor of plaintiffs, Robert Hammond et al., finding that:
 "* * * appellees, Robert and Joyce Hammond, and all owners of lots within the Gasieski subdivision have an express easement, an implied easement, an easement by estoppel, a prescriptive easement, and a license coupled with an interest to use the property at issue."
On appeal, this court found that the trial court erred in finding an express easement, an implied easement, a prescriptive easement (or easement by estoppel), and in finding that there was "a permanent and perpetual agreement between Joyce Hammond's father and Walter Gasieski that her father and his family could use the park." This court then stated,
 "Having found that the trial court committed error prejudicial to appellant, the judgment of the Erie County Court of Common Pleas is reversed. This case is remanded to the trial court for further proceedings consistent with this decision."
On remand, the trial court issued the following judgment entry:
 "This cause came before the Court on remand from the Court of Appeals for further proceedings not inconsistent with the decision and judgment of that Court entered on June 29, 2001, and based upon that judgment, it is
 "ORDERED, ADJUDGED and DECREED that plaintiffs and all other owners of lots in Gasieski Subdivision except for Arthur Gasieski, Edward Gasieski, Eleanor Pozniack Wilczewski, and Daniel Klonowski, Esq., Trustee, are held to have no easement, nor any other right, title or interest in or to the area designated on the plat of Gasieski Subdivision as a `Private Park,' and no right to use said property, and title to the `Private Park' is hereby quieted in Arthur Gasieski, Edward Gasieski and Eleanor Pozniack Wilczewski and Daniel J. Klonowski, Esq., Trustee, against the claims of all other persons.
 "It is further ORDERED, ADJUDGED and DECREED that the complaint of plaintiffs be and hereby is dismissed with prejudice at their costs."
Appellants, Robert Hammond, et al., filed a timely notice of appeal from this judgment entry.
In the docketing statement filed with the present notice of appeal, appellants state that their probable issue for review is that the trial court committed reversible error in not scheduling and holding a new trial after this court reversed and remanded the case to that court. In support, appellants cite a 1915 Ohio Supreme Court case which holds:
 "* * * where there are issues of fact triable by jury, and there is some evidence on each element of such issues, the reviewing court may reverse on the weight to the evidence, but must remand the case for a new trial and not enter final judgment against the defendant in error." Nyiry v. Modern Bhd. of Am. (1915), 92 Ohio St. 387.
Assuming for argument sake, but not finding, that this is a correct statement of law still today, appellants' remedy would have been to file a notice of appeal in the Ohio Supreme Court alleging that this court erred by not reversing the case and remanding for a new trial.
The trial court's August 31, 2001 judgment entry merely carries out our mandate from appeal No. E-00-044. A trial court decision which merely carries out an appellate mandate is not an appealable order. Estate ofHollingsworth (1989), 58 Ohio App.3d 14.
Accordingly, finding that there is no appealable order, this appeal is ordered dismissed at appellants' costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J., James R. Sherck, J., JUDGES CONCUR.