OPINION
Wayne Reno appeals from the judgment of the Xenia Municipal Court, Small Claims Division, wherein the appellee, Stephen Broidy, was awarded the amount of Three Thousand Dollars from Reno.
Broidy filed a complaint asserting that he had entered a contract with Reno for Reno to replace the roof and gutters on a barn owned by the plaintiff. At the trial of this matter, Broidy testified he hired Reno to repair the roof on a barn on property which he purchased on land contract from his brother-in-law. The job entailed stripping the existing roof down to the rafters and replacing the roof. The job also consisted of adding new gutters and drain spouts.
Broidy said he paid Reno $4800.00 per their written contract for the job. Broidy testified that a month and a half later the gutters on the south side of the barn fell off and the roof shingles began blowing off the roof.
Carl Brundege, a roofing contractor, testified he examined the Broidy barn and he explained that the roof had been installed improperly. In particular, Broidy noted that there were no H-clips bracing the horizontal seams to prevent the buckling of the roof sheeting, felt or tar paper was missing under shingles, and shingles were improperly nailed on the roof. Brundege said there were also no facia boards to help support the gutters. (T.16-22).
Brundege identified several photographs depicting the improperly installed roof. (T.27-30). Brundege also identified and explained his estimate for removing and repairing the improperly installed roof for the sum of $7811.00. (Plaintiff's Exhibit 6).
In two assignments of error, Reno argues that the judgment of the trial court is against the manifest weight of the evidence for lack of "privity" of contract on behalf of the plaintiff and for the failure of the plaintiff to prove his damages.
There was no evidence in the trial record to dispute Broidy's testimony that he entered into a binding contract with Reno for the repair of the barn which he was purchasing on land contract. Broidy was clearly in "privity" with Reno. Broidy entered into an express contract with Reno. The contract was executed and Reno was paid in full. Brundege testified the roof was installed improperly and he provided the trial court with his estimate for replacing the roof. (T.32-35). The appellant's first two assignments are Overruled. The judgment is clearly not against the manifest weight of the evidence.
In his third assignment, Reno argues that the trial court improperly considered an ex parte communication that was prejudicial to him. In particular, he refers to a letter sent on December 29, 1998 by plaintiff's counsel to the trial judges. The letter is included in the trial court's docket and journal entries. The letter indicates that counsel provided the defendant's lawyer with a copy of her letter to the court. In the letter counsel indicates she had requested a "conference call" with the court and all counsel to discuss why the court reconsidered its sua sponte "transfer" of the case to the civil division of the municipal court from the small claims division. The next day, counsel filed a formal reconsideration motion of the trial court's action in removing the case from the court's civil docket. The trial court overruled the reconsideration motion on the day of trial. The result of the court's action was plaintiff was limited to damages of $3000.00 due to the monetary limit of small claims court. The communication by counsel was not "ex parte" and in any event it did not cause any prejudice to the defendant. The third assignment of error is also Overruled.
The appellee requests that we find the appellant's appeal "frivolous" and award attorney's fees for defending the appeal pursuant to App.R. 23. An appeal is frivolous when the appeal presents no reasonable question for review. Talbott v. Fountas
(1984) 16 Ohio App.3d 226. There was no reasonable question for review in this case. The appellee's motion is granted.
The judgment of the trial court will be Affirmed.
FAIN, J., and KERNS, J., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Beth Lagana, Joseph A. Coates, Hon. Susan L. Goldie