OPINION
Appellant, Deborah Stegall, appeals from the October 4, 2000 journal entry entered by the Auglaize County Court of Common Pleas, Domestic Relations Division.
The appellant and appellee, Dr. Victor Stegall, were divorced by a Judgment and Final Decree of Divorce filed on October 16, 1998, adopting the parties' agreement. Appellant later moved to vacate the judgment under Civ.R. 60(B). In its December 14, 1999 entry addressing this issue, the trial court ordered that appellee shall retain his medical practice with Southland Family Medical Associates, free and clear of any right, claim or interest of the appellant as a part of the division of property. It further ordered, as previously set forth in the decree, the amount appellant would receive over a period of years for her interest in the property retained by appellee which includes the Southland Family Medical Practice. Upon appeal, the judgment of the trial court denying her Civ.R. 60(B) motion was affirmed. See Stegall v. Stegall (May 25, 2000), Auglaize App. No. 2-2000-02, unreported, 2000 WL 681647.
The record reflects that, on June 15, 2000, appellant filed a complaint for partition of the real estate on which the medical practice is located and for an accounting of rents in the civil division of the common pleas court. In response, appellee filed a motion for clarification and/or modification in the domestic relations court. Appellee's motion specifically asked the court to clarify, amend, modify and/or interpret the December 14, 1999 entry and the previously decided issue of the ownership of the subject business property in the divorce action. Appellant filed a memorandum contra in response to appellee's motion. On October 4, 2000, the trial court filed an entry entitled "Journal Entry Orders on Clarification and/or Modification." This entry ordered that the real estate upon which Southland Family Medical Associates is located is the property of the appellee, free and clear of any claim of the appellant as she had been remunerated for that property through the divorce action.
The appellant now appeals from that entry and assigns the following two assignments of error for our review:
 I. The trial court did not have jurisdiction to modify a property division made in a divorce decree over two years earlier.
 II. Alternatively, if this court finds that the trial court had jurisdiction to modify the divorce decree, then the trial court abused its discretion by granting, sua sponte, appellant's untimely rule 60(B)(5) motion.
We note at the outset that the parties entered into an agreement which was adopted and incorporated into the Judgment Entry of Divorce. While it is true that a trial court does not have continuing jurisdiction to modify a division of property, R.C. 3105.171(I), we have held, however, that a trial court has the authority to interpret and clarify the terms of its decree which incorporated and adopted an agreement of the parties. Proctor v. Proctor (1997), 122 Ohio App.3d 56, 59. Construction of the incorporated portion must be accomplished to give effect to the intent of the parties. Id.
In this case, it is clear from the record that appellee retained the Southland Family Medical Practice as part of the property division. While the parties owned the subject real estate on which the medical practice was located, the relevant judgment entries did not mention the real estate although all other real estate was apparently provided for. As a result, the trial court could properly resolve the uncertainty as to whether the real estate in dispute was intended to be part of the property retained by appellee. In ruling on appellee's motion asking for an interpretation, the trial court stated:
 Throughout the course of the proceedings both in negotiation, on the record and in exhibits presented, the parties referred to the Southland Medical Practice as one single unit. That single unit known as the Southland Medical Practice included real estate, fixtures, goodwill, accounts receivable and equipment. When the parties spoke of the Southland Medical Practice and when they came to divide property, it was understood that the Southland Medical Practice included not only the buildings, equipment, fixtures and business, but also included the real estate.
 Accordingly, it is the ORDER of the Court that when the Entry of December 14, 1999 refers to the Plaintiff retaining his medical practice with Southland Family Medical Associates not only did it include the business and the building but also included the real estate thereon. When the Defendant presented her evaluations of this matter to the Court, her own evaluations included the real estate as a part of the entity known as Southland Family Medical Associates.
We find that this does not constitute a modification of the property division. Rather, the trial court did retain jurisdiction to interpret and clarify the property division with regard to ownership of the real estate upon which the business was located so as to effectuate the intent of the parties and court order. Therefore, based upon the record before us, we are unable to conclude that the trial court erred in determining that the medical practice award included the real estate. Accordingly, the appellant's assignments of error are without merit and are overruled.
Finally, we note that counsel for appellee requests an award of reasonable expenses, including attorney fees and costs, for a frivolous appeal pursuant to App.R. 23. The instant appeal is not frivolous because it is not a case with "no reasonable question for review." See Talbottv. Fountas (1984), 16 Ohio App.3d 226; and App.R. 23.
Accordingly, the judgment of the Common Pleas Court, Domestic Relations Division, is affirmed.
Judgment affirmed.
 WALTERS, P.J. and BRYANT, J., concur.