OPINION {¶ 1} Plaintiff-appellant, Heather Madewell, appeals the decision of the Warren County Court of Common Pleas, dismissing for lack of jurisdiction her action to collect a child support arrearage.[1] We affirm the trial court's decision.
 {¶ 2} Appellant is the adult daughter of defendants-appellees, Joseph Powell and Sandra Meyers. In July 1992, Powell was determined to be appellant's natural father in a paternity action in the Warren County Court of Common Pleas, Juvenile Division. The juvenile court entered a support order retroactive to her birth. In 2005 Meyers and Powell agreed on a lump sum payment to satisfy a child support arrearage which had accrued in the intervening years, and presented the agreement to the juvenile court. Appellant filed a motion to intervene in the case, seeking payment of the full arrearage. Her motion to intervene was granted.
 {¶ 3} While the matter was pending in the juvenile court, appellant filed the present action in the general division of the Warren County Court of Common Pleas, again seeking full payment of Powell's child support arrearage. The trial court dismissed the action, concluding that it lacked jurisdiction because the juvenile court had first asserted jurisdiction over the child support issue. As a result, the trial court vacated a default judgment it had earlier entered against Meyers. Appellant appeals, raising two assignments of error which we will address out of order.
 {¶ 4} In her second assignment of error, appellant argues that the "trial court erred in dismissing the complaint."
 {¶ 5} Juvenile courts have jurisdiction over child support matters concurrent with domestic relation and common pleas courts. See In rePoling, 64 Ohio St.3d 211, 1992-Ohio-144; Thelmond H.S. v. AngelaL.S., Lucas App. No. L-02-1172, 2003-Ohio-685; Albertson v. Ryder
(1993), 85 Ohio App.3d 765. R.C. 3105.011 vests common pleas courts, including domestic relation divisions, with jurisdiction over "all domestic relations matters." Juvenile courts have jurisdiction over child support issues if "the request is not ancillary to an action for divorce, dissolution or marriage, annulment, or legal separation[.]" R.C. 2151.23(A)(11). Between courts with concurrent jurisdiction, "the court in which an issue is first filed along with completed service of process has exclusive jurisdiction over such issue." Thelmond H.S. at ¶ 10, citing, State ex rel. Bason v. Harnishfeger (1978),55 Ohio St.2d 38, 40; Miller v. Court of Common Pleas (1944), 143 Ohio St. 68, 70.
 {¶ 6} Because Meyers' request for support arose out of a paternity action, and was "not ancillary to an action for divorce, dissolution or marriage, annulment, or legal separation," the action was properly brought in the juvenile court, vesting that court with exclusive and continuing jurisdiction over the child support issue. See id. Appellant's motion to intervene in that case was granted, permitting her to participate and assert her claim in the juvenile court.
 {¶ 7} In the present case, appellant asserts the same claim for an award of child support at issue in the juvenile court case. While she and her mother may have separate claims to the child support arrearage, see Elzey v. Springer, Fayette App. No. CA2003-04-005, 2004-Ohio-1373, jurisdiction over the child support issue remains with the juvenile court. "[A] court which obtains jurisdiction over and enters orders with regard to the * * * support of children retains continuing and exclusive jurisdiction over such matters." Hardesty v. Hardesty (1984),16 Ohio App.3d 56, 58. Consequently, the trial court lacked jurisdiction to consider appellant's claim to the child support arrearage.
 {¶ 8} Civ.R. 12(H)(3) states: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Thus, upon determining that it lacked jurisdiction, the trial court properly dismissed the present action. Appellant's second assignment of error is overruled.
 {¶ 9} In her first assignment of error appellant argues that the trial court erred by vacating the default judgment it had earlier granted in her favor. Because the trial court lacked jurisdiction in this matter, it did not err by vacating its earlier judgment. Appellant's first assignment of error is overruled.
 {¶ 10} Finally, Powell has moved for sanctions on the grounds that there were no reasonable grounds for this appeal. App.R. 23 allows a court of appeals to require an appellant to pay the reasonable expenses of the appellee, including attorney fees and costs, upon a finding that an appeal is frivolous. In re Estate of Hollingsworth (1989),58 Ohio App.3d 14, 15. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Talbott v.Fountas (1984), 16 Ohio App.3d 226. We find that the instant appeal presented a reasonable question for review and consequently deny Powell's motion for sanctions.
 {¶ 11} Judgment affirmed.
POWELL, P.J., and YOUNG, J., concur.
[1] Pursuant to Loc.R. 6(A) we have sua sponte removed this case from the accelerated calendar and placed it on the regular calendar for purposes of issuing this opinion.