[Cite as *Wisehart v. Wisehart*, 2019-Ohio-3833.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| ARTHUR DODSON WISEHART, CO-TRUSTEE OF DOROTHY R. WISEHART TRUST, | : | |
| | : | CASE NO. CA2018-12-019 |
| Appellee, | : | O P I N I O N<br>9/23/2019 |
| | : | |
| - vs - | : | |
| | : | |
| ARTHUR MCKEE WISEHART, CO-TRUSTEE OF DOROTHY R. WISEHART TRUST, | : | |
| Appellant. | | |


CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15CV30565


Murr Compton Claypoole & Macbeth, Jane E. Beach, 401 East Stroop Road, Kettering, Ohio 45429, for appellee

Schneider Smeltz Spieth Bell, LLP, Scott J. Robinson, 1375 East Ninth Street, Suite 900, Cleveland, Ohio 44114, for appellee

Arthur McKee Wisehart, 229 Court Street, Hoboken, New Jersey, 07030, pro se


**PIPER, J.**

{¶ 1} Appellant, Arthur Wisehart, appeals a decision of the Preble County Court of Common Pleas finding him in contempt.

{¶ 2}   Wisehart and his son, appellee, Arthur Wishart Jr. ("Son"), are co-trustees of the Dorothy Wisehart Trust.  When Wisehart attempted to convey property allegedly owned in part by the trust, Son filed a suit to block any such conveyance.  The trial court issued orders to maintain the status quo, prohibit the conveyance of land, and preserve income derived from renting the property in question until the matter could be decided.

{¶ 3}   Despite the trial court's orders, Wisehart again arranged to convey the disputed property.  In response to the attempted conveyance, Son filed a motion for contempt.  The trial court found Wisehart in contempt for disobeying its orders to maintain the status quo, retain title to the land, and preserve the rental income.  The trial court ordered Wisehart to replace the income and invalidated Wisehart's attempt to convey the property to a new owner.

{¶ 4}   The trial court further advised the parties that the underlying merits of the litigation, including which party owned the property, was left undecided by its finding of contempt.  Within its entry journalizing the finding of contempt, the trial court directed the parties to move forward to the summary judgment stage of litigation.

{¶ 5}   Wisehart appealed the trial court's judgment, raising three assignments of error for our review.  However, within Wisehart's three assignments of error, he does not challenge the trial court's order of contempt, and instead, argues that Son's cause of action should be dismissed.  Wisehart also argues the merits of the property dispute rather than arguing that the trial court erred in finding he disobeyed a court order.

{¶ 6}   While the trial court's finding of contempt was a final appealable order under the circumstances, Wisehart fails to argue the merits of the court's contempt finding – the only judgment entry from which Wisehart filed his appeal.  Ohio law is well-settled that an appellant must provide legal arguments and citations to both legal authority and the record sub judice to substantiate an alleged error on appeal.  *Streaker v. Streaker*, 12th Dist.

Madison No. CA2018-05-013, 2019-Ohio-832.

{¶ 7} An appellate court will neither construct assignments of error nor create arguments on behalf of an appellant because it is not the duty of an Ohio appellate court to raise arguments for the parties. *In re G.E.S.*, 9th Dist. Summit No. 23963, 2008-Ohio-2671, ¶ 53. Moreover, "if an argument exists that can support [an] assignment of error, it is not this court's duty to root it out." *In re Constable*, 12th Dist. Clermont Nos. CA2006-08-058 and CA2006-09-067, 2007-Ohio-3346, ¶ 12. As this court has stated on multiple occasions, "an appellate court is not a performing bear, required to dance to each and every tune played on an appeal." *State v. Wilson*, 12th Dist. Warren No. CA2018-03-022, 2019-Ohio-338, ¶ 27.

{¶ 8} Wisehart has failed to present any legal arguments within his assignments of error specific to the trial court's ruling from which he is appealing. It is impossible for this to court to address the merits of the property dispute and other arguments raised in Wisehart's brief when those issues are still pending before the trial court and have yet to be ruled upon. The final order appealed, the trial court's finding of contempt, was not challenged within Wisehart's assignments of error, leaving nothing for this court to review. We therefore affirm the trial court's finding of contempt and overrule Wisehart's assignments of error.

{¶ 9} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.

- 3 -