[Cite as *Whaley v. Young*, 2020-Ohio-2981.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

MILTON WHALEY, : 

    Appellee, :     CASE NO. CA2019-11-189

      - vs - :     <u>O P I N I O N</u>
                                5/18/2020

: 

DAVID YOUNG, : 

    Appellant. : 

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV 2019 02 0274

Richard L. Hurchanik, 110 North Third Street, Hamilton, Ohio 45011, for appellee

David Young, 3244 Greenway Avenue, Cincinnati, Ohio 45248, pro se

**HENDRICKSON, P.J.**

{¶ 1}  Appellant, David Young, appeals a judgment entered in the Butler County Court of Common Pleas in favor of appellee, Milton Whaley, on Whaley's conversion claims. For the reasons set forth below, we affirm the judgment of the trial court.

{¶ 2}  On February 6, 2019, Whaley filed a complaint setting forth two causes of action against Young for conversion. Whaley asserted he owned an engine for a 1970 Ford Torino GT that was worth in excess of $25,000 and that Young, Whaley's son-in-law, agreed to store the engine at his home in Hamilton, Ohio. Whaley alleged that after his daughter initiated divorce proceedings against Young, Young "intentionally and unjustifiably sold" the

engine. Whaley also alleged that Young had Whaley's 8 mm Ruger rifle and had refused to return the rifle, despite Whaley's repeated demands. Whaley claimed the rifle cost $1,000 when it was "purchased new in 2014."

{¶ 3} Young, acting pro se, filed an answer in which he admitted that he had agreed to store "a[n] engine/motor" at his address and was in the process of divorcing Whaley's daughter, but he denied the remaining allegations set forth in Whaley's complaint. At the conclusion of his answer, Young included a request that the trial court "dismiss said complaints as being false and frivolous in nature." Young further asserted Whaley's complaint should be dismissed because the same claims had already been litigated in a prior Butler County Court of Common Peas case that had ended in a dismissal for Whaley's failure to appear.

{¶ 4} On May 9, 2019, Whaley moved for summary judgment on his conversion claims and attached his own affidavit in support of the motion. In his affidavit, Whaley averred, in relevant part, as follows:

> I am the owner of the motor and rifle. The Defendant who is my son-in-law allowed me to store the motor. It is worth slightly in excess of $25,000.

> I lent the Defendant my Ruger 8 mm rifle. After the Defendant and my daughter began divorce proceedings, the Defendant testified he sold the motor. The Defendant also refused to return the rifle to me although I demanded it. My opinion as owner of the rifle is that it is worth $1,000.

{¶ 5} On May 21, 2019, in response to Whaley's motion for summary judgment, Young filed a document entitled "Defendant Moves for Dismissal." In this motion, Young again asserted that Whaley's conversion claims were "false and frivolous." Young claimed Whaley "hasn't proven" or "cannot prove" ownership of the engine, the value of the engine, or that Whaley delivered the engine to Young for storage. Young did not attach any exhibits or affidavits to his motion.

{¶ 6}   On June 28, 2019, the trial court issued a decision denying Young's motions to dismiss and granting in part and denying in part Whaley's motion for summary judgment. With respect to Young's motions to dismiss, the court first found that Whaley was not barred from refiling his conversion claims as the prior action Whaley had commenced against Young had been dismissed without prejudice pursuant to Civ.R. 41(B) for failure to prosecute.   The court then construed Young's arguments as a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief could be granted.   The court found no merit to Young's arguments, noting that "if Whaley is able to prove the allegations he sets forth, he would be entitled to judgment based upon his claims of conversion."

{¶ 7}   The court then discussed the merits of Whaley's motion for summary judgment, finding that the allegations set forth in Whaley's complaint combined with his affidavit established that "Young has wrongfully exercised dominion over Whaley's property to the exclusion of Whaley's rights as the property owner, or with respect to the rifle, withheld it from Whaley's possession under a claim inconsistent with Whaley's rights."   The court, therefore, found that judgment in favor of Whaley was appropriate.   The court further found that Whaley's affidavit established damages in the amount of $1,000 as to Young's conversion of the rifle.   However, the court found that "Whaley's affidavit [did] not enable [it] to determine the exact monetary amount to which [Whaley] was entitled" to as damages for the engine.   Because a genuine issue of material fact existed as to the value of the engine, the court denied the motion for summary judgment in part.

{¶ 8}   On November 13, 2019, a jury trial was held to determine the fair market value of the engine Young converted.   The jury determined the fair market value of the Ford 429-4V "Cobra Jet Ram Air" engine was $150.   The trial court issued a final judgment in favor of Whaley for $1,150 for conversion of his engine ($150) and rifle ($1,000).   Young timely filed a notice of appeal.

**Young's Appeal**

{¶ 9}    Young's brief does not comply with the requirements of App.R. 16, as it does not set forth any specific assignments of error for review or contain references to the parts of the record in which the errors are allegedly reflected.   Nonetheless, the "Arguments" portion of Young's brief indicates he is challenging the trial court's decision to limit evidence at trial to the issue of damages relating to the engine as well as challenging the damage award for both the engine and rifle.   In the interests of justice, we will address both arguments.

{¶ 10}  Young contends the trial court erred by not being "concern[ed] with proof of ownership" and by not letting the jury deliberate on any issue other than damages to the engine.   We find no merit to Young's arguments.   On June 28, 2019, the trial court issued a decision granting in part and denying in part Whaley's motion for summary judgment.   The court granted judgment in favor of Whaley on the issue of liability as to both of Whaley's conversion claims.   The court further awarded summary judgment on the issue of damages for Whaley's conversion claim related to the rifle.   As judgment had already been rendered on these issues in accordance with Civ.R. 56(C), the only issue to be decided at trial was the amount of damages Whaley was entitled to recover for Young's conversion of the engine.   The trial court, therefore, did not error in precluding Young from introducing evidence relating to ownership of the engine or rifle at trial.

{¶ 11}  To the extent that Young seeks to challenge the trial court's decision to enter summary judgment in Whaley's favor, we find no error in the court's decision.   Summary judgment is proper when the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, show that (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds

to a conclusion that is adverse to the nonmoving party. Civ.R. 56(C); *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66 (1978).

{¶ 12} "[C]onversion is the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights." *Joyce v. General Motors Corp.*, 49 Ohio St.3d 93, 96 (1990). The affidavit Whaley attached in support of his motion for summary judgment established that Young wrongfully exercised dominion over Whaley's engine when he sold the engine without Whaley's permission and Young wrongfully exercised dominion over a $1,000 rifle by refusing to return it to Whaley. Young did not meet his burden of rebutting Whaley's evidence with specific facts showing the existence of a genuine triable issue. Rather, Young attempted to rest on the allegations of denial in his pleadings and bald, unsworn assertions set forth in his responsive filing, entitled "Defendant Moves for Dismissal," to oppose summary judgment. A party opposing a summary judgment motion may not rely on the allegations or denials in his pleadings in order to prevent the granting of summary judgment; rather, he must set forth specific facts in response, by affidavit or otherwise, demonstrating the existence of a genuine issue of material fact. Civ.R. 56(E); *Savransky v. Cleveland*, 4 Ohio St.3d 118, 119 (1983); *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7. As Young did not present any evidentiary materials demonstrating specific facts showing the existence of a genuine triable issue, the trial court did not err in granting summary judgment to Whaley on his claims of conversion or in awarding Whaley $1,000 in damages for conversion of the rifle. Any claimed error pertaining to these issues is without merit and is overruled.

{¶ 13} Turning to the jury trial held to determine the value of the converted engine, Young contends the trial court erred in instructing the jury on damages. He argues that the court "misinformed" the jury by not giving an instruction on entrapment and by not tailoring

the instructions to the facts of the case. He further argues that there was "zero evidence to show any damage to the engine in question."

{¶ 14} Young has not filed a transcript of the jury trial. As the appealing party, Young had a duty to provide a transcript for appellate review as he bears the burden of showing error in the underlying proceeding by reference to matters in the record. *Dudley v. Dudley*, 12th Dist. Butler No. CA2013-09-163, 2014-Ohio-3992, ¶ 25, citing App.R. 9(B) and 16(A)(7). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus has no choice but to presume the regularity or validity of the lower court's proceedings and affirm. *Spicer v. Spicer*, 12th Dist. Butler No. CA2005-10-443, 2006-Ohio-2402, ¶ 5, citing *Knapp v. Edward Laboratories*, 61 Ohio St.2d 197, 199 (1980).

{¶ 15} Given the absence of an appropriate record to support Young's alleged errors regarding the jury instructions and evidence in support of the damage award, we presume the regularity of the proceedings and overrule Young's arguments.

**Whaley's Motion for Sanctions**

{¶ 16} Finally, Whaley has moved this court to find the appeal frivolous and order Young to pay reasonable expenses including costs and $600 in attorney fees, as provided by App.R. 23. "'A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review.'" *Madewell v. Powell*, 12th Dist. Warren No. CA2006-05-053, 2006-Ohio-7046, ¶ 10, quoting *Talbott v. Fountas*, 16 Ohio App.3d 226, 226 (10th Dist.1984). Although unsuccessful, we find the instant appeal brought by Young presented a reasonable question for review. We therefore deny Whaley's motion for sanctions.

{¶ 17} Judgment affirmed.

S. POWELL and RINGLAND, JJ., concur.