[Cite as *Wisehart v. Wisehart*, 2021-Ohio-3649.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| ARTHUR DODSON WISEHART, CO-TRUSTEE OF DOROTHY R. WISEHART TRUST, | : | |
| | : | CASE NO. CA2021-01-001 |
| Appellee, | : | O P I N I O N<br>10/12/2021 |
| | : | |
| - vs - | : | |
| | : | |
| ARTHUR MCKEE WISEHART, CO-TRUSTEE OF DOROTHY R. WISEHART TRUST, et al., | : | |
| Appellant. | : | |


CIVIL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15 CV 30565


Murr Compton Claypoole & Macbeth, and Jane E. Beach, and Schneider Smeltz Spieth Bell, LLP, and Scott J. Robinson, for appellee.

Arthur McKee Wisehart, pro se.


**BYRNE, J.**

{¶1} Arthur McKee Wisehart appeals the decision of the Preble County Court of Common Pleas, which granted summary judgment in favor of plaintiff-appellee, Arthur Dodson Wisehart. For the reasons described below, we affirm that decision.

## I. Procedural and Factual History

{¶2} In 1987, Dorothy Wisehart established the Dorothy R. Wisehart Trust ("the

Trust"). Dorothy named herself and her son, Arthur McKee Wisehart ("McKee") as co-trustees.[1] Dorothy conveyed to the Trust an undivided half-interest in two farm properties located in Preble County: a farm located at 5291 New Paris Gettysburg Road and a farm located at 5640 Oxford Gettysburg Road (collectively, "the Farms").

{¶3} Dorothy retained her half-interest in the Farms. She passed away in 1993. Upon her death, her remaining half-interest in the Farms transferred to McKee. The remaining half-interest remained with the Trust.

{¶4} Upon Dorothy's death, the Trust became irrevocable. From 1993 to 2010, McKee served as sole trustee of the Trust.

{¶5} In 2010, the Trust had five income beneficiaries, consisting of Elizabeth Wisehart – McKee's wife from approximately 1953 to the date of her death in 2013 – and Elizabeth and McKee's four children. Dodson is one of those children. McKee was never an income beneficiary of the Trust.

{¶6} The Trust provided for removal and replacement of the trustee upon the written request of 75 percent of the income beneficiaries. Pursuant to this provision, in January 2010, four of the five income beneficiaries (80 percent) executed a document removing McKee as sole trustee of the Trust, and then appointing McKee and Dodson as co-trustees.

{¶7} In 2015, in his capacity as co-trustee of the Trust, Dodson filed suit against McKee, individually and in McKee's capacity as co-trustee. The lawsuit sought to quiet title to the Preble County real estate partially held by the Trust. Dodson alleged that he filed the action because McKee was in the midst of attempting to sell the Preble County real estate and lacked the authority to do so. Dodson also requested the court declare that McKee was not the sole trustee of the Trust and that McKee and Dodson were co-trustees. Dodson

---

1. The plaintiff and defendant have the same first and last names so for ease of reading we will refer to the parties using their middle names.

additionally asserted a claim for breach of fiduciary duty against McKee and requested an accounting of any Trust income received by McKee.

{¶8} As the lawsuit progressed, the trial court issued orders enjoining McKee from selling the Farms, ordering him to maintain the status quo, and further ordering him to deposit any income produced by the Farms with the court until the matter could be decided. McKee violated all of these orders and the court ultimately found him in contempt. McKee appealed the contempt order. We affirmed the trial court. *Wisehart v. Wisehart*, 12th Dist. Preble No. CA2018-12-019, 2019-Ohio-3833.

{¶9} In 2019, the parties filed cross-motions for summary judgment. Subsequently, the trial court issued its summary judgment decision, which denied McKee's motion and granted Dodson's motion. The court found that (1) the Trust held an undivided one-half interest in the Farms, (2) the appointment of Dodson and McKee as co-trustees was valid, (3) all of McKee's prior attempts to convey the Farms out of the Trust were void, and (4) that McKee breached his fiduciary duty to the Trust, must provide an accounting for his actions, and must repay the Trust income that he wrongfully withheld. Dodson subsequently moved for attorney fees and the court held a hearing. In December 2020, the court granted Dodson $134,374.22 in attorney fees.

{¶10} McKee appeals, raising two assignments of error, which we address together.

## II. Law and Analysis

{¶11} Assignment of Error No. 1:

{¶12} THE TRIAL COURT HAD NO DISCRETION BUT TO DISMISS FOR LACK OF JUSTICIABLE JURISDICTION AND ERRED BY FAILING TO DISMISS.

{¶13} Assignment of Error No. 2:

{¶14} THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF-APPELLEE, AND DENYING OR NOT RULING UPON DEFENDANT'S

MOTIONS FOR SUMMARY JUDGMENT.

{¶15} Though McKee was apparently a licensed attorney at one time, the legal arguments he presents in his brief are rambling, incoherent, and rife with irrelevant legal concepts and legal authority. McKee, as a pro se litigant, is held to the same standard as a party represented by counsel. *Chambers v. Setzer*, 12th Dist. Clermont No. CA2015-10-078, 2016-Ohio-3219, ¶ 10.

{¶16} What we can discern is that McKee is arguing that all of the trial court's orders in this case were invalid because the case was not "justiciable," that the trial court lacked subject-matter jurisdiction over the lawsuit, and that Dodson, who he refers to as the "non-cognizable fabricated plaintiff-appellee," lacked standing to bring the lawsuit against him because Dodson was never a co-trustee of the Trust.

**A. Summary Judgment Standard**

{¶17} Appellate review of a trial court's decision granting summary judgment is de novo. *M&T Bank v. Johns*, 12th Dist. Clermont No. CA2013-04-032, 2014-Ohio-1886, ¶ 7. Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) the evidence submitted can only lead reasonable minds to one conclusion and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his favor. *Bank of New York Mellon v. Putman*, 12th Dist. Butler No. CA2012-12-267, 2014-Ohio-1796, ¶ 18. "The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists." *Fifth Third Bank v. Bolera*, 12th Dist. Butler No. CA2017-03-039, 2017-Ohio-9091, ¶ 25. Once this initial burden is met, the nonmoving party "must then rebut the moving party's evidence with specific facts showing the existence of a genuine triable issue; it may not rest on the mere allegations or denials in its pleadings." *Deutsche Bank Natl. Trust Co. v. Sexton*, 12th

Dist. Butler No. CA2009-11-288, 2010-Ohio-4802, ¶ 7, citing Civ.R. 56(E).

**B. Legal Analysis**

{¶18} "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *Ohio Pyro, Inc. v. Ohio Dept. of Commerce, Div. of State Fire Marshal*, 12th Dist. Fayette Nos. CA2005-03-009 and CA2005-03-011, 2006-Ohio-1002, ¶ 32 (reversed on other grounds), citing *Tradesmen Internatl., Inc. v. Massillon*, 5th Dist. Stark No.2002CA00251, 2003-Ohio-2490, ¶ 32. In order for a justiciable question to exist, the "danger or dilemma" of the plaintiff must be present, not contingent on the happening of hypothetical future events and the threat to his or her position must be actual and genuine and not merely possible or remote. *Mid-American Fire & Cas. Co. v. Heasley*, 113 Ohio St.3d 133, 2007-Ohio-1248, ¶ 9.

{¶19} This case presents a justiciable controversy ripe for judicial resolution. Dodson, in his capacity as co-trustee of the Trust, alleged that McKee was taking unilateral action to convey assets partially owned by the Trust and lacked the legal authority to do so. Dodson claimed that McKee was breaching his fiduciary duties to the Trust beneficiaries by withholding Trust income. Dodson alleged that McKee believed himself to be sole trustee of the Trust and disputed Dodson's authority as a co-trustee. All these issues were contested and there was a real danger or dilemma that the Trust beneficiaries would be injured by McKee's actions if Dodson did not involve the court system in resolving this dispute. McKee's argument that this case was not justiciable is meritless.

{¶20} Next, Dodson argues that the Preble County court lacked subject-matter jurisdiction to decide this case. "'Subject-matter jurisdiction of a court connotes the power to hear and decide a case upon its merits' and 'defines the competency of a court to render a valid judgment in a particular action.'" *Cheap Escape Co., Inc. v. Haddox, L.C.C.*, 120

Ohio St.3d 493, 2008-Ohio-6323, ¶ 6, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). Whether a court possesses subject-matter jurisdiction over a case is a matter of law that this court reviews de novo. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 34; *Powers-Urteaga v. Urteaga*, 12th Dist. Warren No. CA2014-08-109, 2015-Ohio-2465, ¶ 15.

{¶21} The Preble County Court of Common Pleas possessed subject-matter jurisdiction over this case. The case involved a controversy over the ownership of real estate located in Preble County, a Trust that owned an interest in that real estate, and allegedly misappropriated Trust income derived from that real estate. The court also had subject-matter jurisdiction to resolve ancillary issues such as whether Dodson was properly appointed co-trustee of the Trust. McKee's subject-matter jurisdiction argument is meritless.

{¶22} With regard to Dodson's alleged lack of standing, McKee argues, without citation to the terms of the Trust or any other legal authority, that only Dorothy could appoint a co-trustee. McKee contends that when Dorothy died the Trust became irrevocable and no one else could become a co-trustee in the absence of a court order. However, McKee fails to address the Trust provision that permitted 75 percent of the Trust beneficiaries to remove and replace the trustee. Instead, McKee relies on mere conclusory statements, unsupported by evidence in the record or persuasive legal authority, in arguing that Dodson is not co-trustee and lacks standing. McKee's standing argument lacks any conceivable merit.

{¶23} To the extent McKee makes any argument we have not specifically referenced in this opinion, we find upon our review of the briefs and the record that such arguments are without merit.

### III. Conclusion

{¶24} Upon review of McKee's appellate briefs and the record, we find no error in the trial court's decision granting summary judgment and attorney fees. We overrule McKee's first and second assignments of error.

{¶25} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.