[Cite as *Wisehart v. Wisehart*, 2022-Ohio-3774.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

|  |  |  |
|---|---|---|
| ARTHUR DODSON WISEHART, | : | |
| Appellee, | : | CASE NO. CA2022-05-006 |
| | : | O P I N I O N |
| - vs - | | 10/24/2022 |
| | : | |
| ARTHUR McKEE WISEHART, et al. | : | |
| Appellant. | : | |

APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 15 CV 30565

Murr Compton Claypoole & Macbeth, and Jane E. Beach, for appellee.

Arthur McKee Wisehart, pro se.

**PIPER, J.**

{¶1} Appellant, Arthur McKee Wisehart ("McKee") appeals the decision of the Preble County Court of Common Pleas, denying his pro se "motion to reopen case." For the reasons detailed below, we affirm the trial court's decision.[1]

{¶2} In 1987, Dorothy Wisehart established the Dorothy R. Wisehart Trust

---

1. Appellant and appellee have the same first and last names, so for ease of reading we will refer to the parties using their middle names.

("Trust"). Dorothy named herself and her son, McKee, as cotrustees. Dorothy conveyed to the Trust an undivided one-half interest in two farm properties located at 5291 New Paris Gettysburg Road and 5460 Oxford Gettysburg Road (the "Farms").

{¶3} Dorothy retained her remaining one-half interest in the Farms. She passed away in 1993. Upon her death, her one-half interest in the Farms transferred to McKee. The other one-half interest remained with the Trust. From 1993 to 2010, McKee serve as the sole trustee of the Trust.

{¶4} In 2010, the Trust had five income beneficiaries, consisting of Elizabeth Wisehart—McKee's wife from approximately 1953 until her death in 2013—and McKee's and Elizabeth's four children. Appellee, Arthur Dodson Wisehart ("Dodson"), is one of those children. McKee was never an income beneficiary of the Trust.

{¶5} The Trust contained a provision for removal and replacement of the trustee upon the written request of 75 percent of the income beneficiaries. Pursuant to this provision, in January 2010, four of the five income beneficiaries executed a document removing McKee as sole trustee of the Trust, and then appointed McKee and Dodson as cotrustees.

{¶6} In July 2015, Dodson, in his capacity as cotrustee, filed suit against McKee, individually and in McKee's capacity as cotrustee. The lawsuit sought to quiet title to the Preble County real estate held by the Trust. Dodson alleged that McKee was attempting to sell the Preble County real estate despite lacking the authority to do so. Dodson also requested the court declare that McKee was not the sole trustee of the Trust, and that McKee and Dodson were cotrustees. Dodson additionally asserted a claim for breach of fiduciary duty against McKee and requested an accounting of any Trust income received by McKee.

{¶7} As the lawsuit progressed, the trial court issued orders enjoining McKee from

selling the Farms, ordering him to maintain the status quo, and further ordering him to deposit any income produced by the Farms with the court until the matter could be decided. McKee violated these orders and the court ultimately found him in contempt. McKee appealed the contempt order. We affirmed the trial court. *Wisehart v. Wisehart*, 12th Dist. Preble No. CA2018-12-019, 2019-Ohio-3833.

{¶8} In 2019, the parties filed cross-motions for summary judgment. Subsequently, the trial court issued its summary judgment decision, which denied McKee's motion and granted Dodson's motion. The court found that (1) the Trust held an undivided one-half interest in the Farms, (2) the appointment of Dodson and McKee as cotrustees was valid, (3) all of McKee's prior attempts to convey the Farms out of the Trust were void, and (4) that McKee breached his fiduciary duty to the Trust, must provide an accounting for his actions, and must repay the Trust income that he wrongfully withheld. Dodson subsequently moved for attorney fees and the court held a hearing. In December 2020, the court granted Dodson $134,374.22 in attorney fees. McKee appealed and this court affirmed the trial court's decision. *Wisehart v. Wisehart*, 12th Dist. Preble No. CA2021-01-001, 2021-Ohio-3649.

{¶9} On October 29, 2020, Dodson moved the court for an order identifying the conveyances of the Farms by McKee that were ordered to be set aside and declared a nullity pursuant to the trial court's prior order. On November 5, 2020, the trial court granted Dodson's motion. The trial court found that McKee's attempts to convey Trust property to himself or his new spouse, Joan Lipin, were a nullity and ordered those attempted conveyances be set aside. The trial court specifically detailed 12 such attempted conveyances that were to be set aside and nullified. There was no timely appeal from this entry.

{¶10} On April 1, 2022, McKee filed a "motion to reopen case" pursuant to Civ.R.

- 3 -

60(B)(5). McKee claimed that Lipin was an indispensable party to the declaratory judgment action filed by Dodson on July 15, 2015, and that the failure to join her as a party deprived the trial court of jurisdiction. Therefore, McKee argued that the trial court's orders were void. On April 25, 2022, the trial court denied McKee's motion on the basis that Lipin had no legally protected interest in the matter. McKee now appeals, raising a single assignment of error.

**Appeal**

{¶11} THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S CIVIL RULE 60(B)(5) MOTION TO REOPEN THE ACTION, VACATE THE JUDGMENT, AND DISMISS THE VOID AB INITIO DECLARATORY JUDGMENT ACTION BECAUSE APPELLEE FAILED TO COMPLY WITH THE COMPULSORY JOINDER CLAUSE OF OHIO'S UNIFORM DECLARATORY JUDGMENTS ACT AS MANDATED PURSUANT TO R.C. 2721.12(A).

{¶12} In his sole assignment of error, McKee argues the trial court erred by denying his Civ.R. 60(B) "motion to reopen." McKee argues that Dodson failed to join Lipin as an indispensable party in his action for declaratory judgment.

{¶13} Pursuant to Ohio's declaratory judgment statute:

> [W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding * * * [A] declaration shall not prejudice the rights of persons who are not made parties to the action or proceeding.

R.C. 2721.12.

{¶14} The supreme court has held "whether a nonparty is a necessary party to a declaratory-judgment action depends upon whether that nonparty has a legally protectable interest in rights that are the subject matter of the action." *Rumpke Sanitary Landfill, Inc. v.*

- 4 -

*State*, 128 Ohio St.3d 41, 2010-Ohio-6037, ¶ 15. A legally protected interest is an interest recognized by law. *Id.* at ¶ 14. "[O]nly those persons who are legally affected are proper parties to a lawsuit." *Id.*, citing *Driscoll v. Austintown Assoc.*, 42 Ohio St.2d 263, 273 (1975).

{¶15} In this case, McKee alleges that Lipin is an interested and necessary party and Dodson's failure to include her in the declaratory judgment proceedings renders those proceedings void. However, the record shows that Lipin has no legally protected interest in the Trust's property.

{¶16} On July 15, 2015, Dodson, as cotrustee of the Trust, filed this action against McKee seeking to enjoin McKee's attempts to sell the Farms. In granting Dodson's motion for summary judgment, the trial court found that the Trust owns an undivided one-half interest in the Farms and that McKee's attempts to convey or transfer the Farms out of the Trust were void and a legal nullity. Neither McKee nor Lipin has any interest in the *Trust's* undivided one-half interest in the Farms.

{¶17} Nevertheless, the record reveals that McKee conveyed a quitclaim deed to Lipin on November 30, 2015, which was then recorded in December 2015. Therefore, the quitclaim deed was recorded nearly five months after Dodson filed his complaint for declaratory judgment. Lipin never moved to intervene in the action. As previously stated, the trial court found that McKee's attempted conveyances were a nullity. This court affirmed that decision and the supreme court declined review. *Wisehart*, 2021-Ohio-3649 at ¶ 24, *appeal not accepted*, 165 Ohio St.3d 1524, 2022-Ohio-258. Therefore, the only interest that Lipin may claim is based upon the quitclaim deed referenced above. It is well settled that "[a] quitclaim deed conveys to the grantee whatever interest the grantor has in the property." *Cartwright v. Allen*, 12th Dist. Fayette No. CA2011-10-025, 2012-Ohio-3631, ¶ 14.

{¶18} Because McKee had no interest in the undivided one-half interest held by the

Trust, the attempted transfer by way of the quitclaim deed was ineffective and conveyed nothing to Lipin. *Id.* Furthermore, McKee did not raise this issue until nearly seven years following the commencement of the litigation. On December 14, 2020, the trial court issued its final appealable order. Pursuant to Civ.R. 60(B), a motion for relief from judgment must be made within a "reasonable time." McKee could have raised this issue nearly seven years ago. He only did so following resolution of this matter. Still then, he waited more than 15 months to file his "motion to reopen."[2] McKee's arguments are untimely and without merit. McKee's sole assignment of error is overruled.

**Motions for Sanctions**

**{¶19}** Dodson moved this court to find this appeal frivolous and order McKee to pay reasonable expenses including attorney fees and costs as provided by App.R. 23. For all of the reasons set forth in this opinion, we agree. "A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." *Whaley v. Young*, 12th Dist. Butler No. CA2019-11-189, 2020-Ohio-2981, ¶ 16, citing *Madewell v. Powell*, 12th Dist. Warren No. CA2006-05-053, 2006-Ohio-7046, ¶ 10.

**{¶20}** Based upon review of the case, we find McKee failed to present a reasonable question for review. It is clear that McKee's claims were not reasonable at the time and were made untimely following years of litigation including numerous appeals to this court. The law on this matter is well settled, easily discoverable, and there is no good basis for a modification or extension of the law. *Donahue v. McKee*, 10th Dist. Franklin No. 21AP-492, 2022-Ohio-1037, ¶ 11. As such, this appeal is frivolous. Accordingly, McKee is hereby ordered to pay reasonable expenses including attorney fees and costs in an amount to be

---

2. McKee filed his motion to reopen on April 1, 2022. We note, however, this is not the first time McKee has attempted to claim the trial court's orders were void. In this court's prior decision, we addressed McKee's arguments concerning, inter alia, justiciability and subject-matter jurisdiction. *Wisehart*, 2021-Ohio-3649 at ¶ 18-23.

subsequently determined by this court. McKee's cross-motion for sanctions, claiming Dodson's counsel violated Prof.Cond. Rule 3.3 and R.C. 2323.51(A) by filing the July 2015 action, is denied.

{¶21} Judgment affirmed.

M. POWELL, P.J, and S. POWELL, J., concur.